## KRESGE CO v PATTERSON

Ohio Appeals, 9th Dist, Summit Co

No 2362.  Decided March 9, 1934

Amer, Sophrin & Cunningham, Akron, for plaintiff in error.

Gottwald, Breiding, Hershey & Hinton, Akron, for defendant in error.

## OPINION

By STEVENS, J.

The assignments of error urged by defendant are:

1. Error in refusal of the court to give special request No. 2 before argument.

2. Error in the admission of testimony.

3. Error in refusal of the trial court to sustain defendant's motion for directed verdicts.

4. That the judgment is contrary to law and against the weight of the evidence.

5. Error in the general charge of the trial court.

Special request No. 2 was as follows:

"2. I charge you that negligence is never presumed and the fact that plaintiff fell while descending the stairs in defendant's store raises no presumption or inference that said stairs were defective, neither can it be considered by you as evidence of negligence upon the part of the defendant."

We find nothing objectionable about the request down to and including the word "defective"; the remainder of the request states a proposition which we believe not to be good law.

It is our opinion that the fact of the fall alone, upon steps maintained by defendant, may be considered by the jury in connection with all the other facts and circumstances, in determining whether or not negligence existed.

"1. Although negligence will not be presumed from the mere fact of an accident, such fact may be taken into consideration, in connection with all the other facts and circumstances, in determining whether negligence existed."

LeFernier v Soo River Lighter & Wrecking Co., 129 Mich. 596.

The trial court properly refused to give the above request before argument.

We have carefully considered the claimed errors in the admission of testimony, and in the general charge of the trial court, and we find nothing therein which, in our opinion, would warrant a reversal of the judgment.

We are further of the opinion, from our reading of the record herein, that there was ample evidence to warrant the trial court in submitting this case to the jury, and that the court neither erred in overruling defendant's motion to direct a verdict at the conclusion of plaintiff's case in chief, nor at the conclusion of all of the evidence.

The claim of plaintiff was based upon a defect in one of the stairs, and there was much divergent testimony upon that issue.

Considering the record as a whole, we are unable to agree that the verdict and judgment are manifestly against the weight of the evidence, and the judgment of the trial court will accordingly be affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.