GREEN, APPELLEE, v. CASTRONOVA, APPELLANT.

[Cite as Green v. Castronova, 9 Ohio App. 2d 156.]

(No. 4599—Decided December 20, 1966.)

*Messrs. Spain & Spain,* for appellee.
*Messrs. Stephens, Stephens & Wilkes,* for appellant.

LYNCH, J. This is an appeal on questions of law by defendant, appellant herein, from the order of the trial court granting plaintiff, appellee herein, a new trial. The jury had returned a verdict in favor of defendant. The trial judge sustained plaintiff's motion for a new trial, because he found the verdict to be manifestly against the weight of the evidence.

The first question before this court is the standard we must use in reviewing this case.

The case of *Poske* v. *Mergl,* 169 Ohio St. 70, holds as follows:

"1. Where the evidence in the trial of a case is such that the case must be submitted to a jury to find for either the plain-

tiff or defendant, and where the trial court after its review of the evidence on a motion for a new trial is convinced that there is insufficient credible evidence to sustain a judgment upon the verdict of the jury, such court may, in its discretion, grant not more than one new trial for that reason.

"2. Such action on the part of the court rests solely within its sound discretion, and it is not reviewable unless there has been an abuse of that discretion.

"3. Where a court finds a verdict not sustained by sufficient evidence, it may likewise find an answer by the jury to an interrogatory to be against the weight of the evidence."

The *Poske case* was followed in *Berry* v. *Roy,* 172 Ohio St. 422. See 3 Ohio Jurisprudence 2d 774, Appellate Review, Section 800.

Defendant cites the case of *Price* v. *McCoy Sales & Service, Inc.,* 2 Ohio St. 2d 131, where the court, in the first paragraph of the syllabus, said:

"The granting of a motion for a new trial is a final appealable order as provided in Section 2505.02 of the Revised Code. (*Green* v. *Acacia Mutual Life Ins. Co.,* 156 Ohio St. 1, overruled; *Youngstown Municipal Ry. Co.* v. *City of Youngstown,* 147 Ohio St. 221, approved and followed.)"

Judge Herbert, in the majority opinion in the *Price case,* does not discuss whether the granting of a new trial by a trial judge on the weight of the evidence is within its sound discretion, while Chief Justice Taft in a concurring opinion, in which two other judges concurred, stated:

"I do not interpret our desicion today as changing the law as to the extent of a trial court's discretion in granting a new trial. See *Poske* v. *Mergl* (1959), 169 Ohio St. 70, 157 N. E. 2d 344."

We concur in the following statement of Judge Guernsey in the case of *Getty* v. *Scholz Homes, Inc.,* 2 Ohio App. 2d 331, at page 338:

"Notwithstanding that the case of *Price* v. *McCoy Sales & Service, Inc.,* 2 Ohio St. 2d 131, establishes that an order granting a new trial is a final appealable order without the showing of an abuse of discretion by the trial court, the action of the trial court in sustaining a motion for new trial on the ground of insufficiency of the evidence still rests solely within its sound

discretion and is not reversible unless there has been an abuse of discretion. Where the evidence is such that the case must be submitted to a jury to find for either the plaintiff or the defendant, and where the trial court is convinced that there is insufficient credible evidence to sustain a judgment upon the verdict of the jury, the trial court may grant not more than one new trial for that reason. *Poske* v. *Mergl,* 169 Ohio St. 70.''

This case concerns an accident in which plaintiff, a pedestrian, sustained severe personal injuries as a result of being struck by defendant's automobile on West Federal Street. Plaintiff testified that he parked his car along the north curb of West Federal Street on November 30, 1963, at approximately 12:30 a. m.; that the right wheels of his car were flush against the curb; and that he got out of his car, closed the door and looked to the left to see if any cars were coming. That is all he remembers. He did not remember seeing the car that hit him. He intended to walk across West Federal Street to the Pine Panel Inn to meet a friend. He did not remember taking any steps but did not think he did because the accident happened so fast.

Defendant testified that he did not see plaintiff until he hit him. He was driving west on West Federal Street about twelve to thirteen feet from the north curb at a rate of speed of thirty to thirty-five miles an hour. He said that he could see between fifty and sixty feet ahead with his headlights. He saw plaintiff roll over his hood and break his windshield. He estimated that he was driving three to four feet from the parked cars along the north curb of West Federal Street.

The only other eyewitness was George Stanar who came out of the Pine Panel Inn and was getting into his automobile which was parked on the south side of West Federal when he saw plaintiff's car pulled up on the north side of West Federal Street almost directly across from him. As Mr. Stanar was getting into his car, he saw plaintiff park his car. After Mr. Stanar got into his car, he saw plaintiff get out of his car, close his door and face him. Mr. Stanar rolled his window down, and he looked down at his handle. When he looked up again he saw plaintiff get hit. Mr. Stanar did not know whether plaintiff moved or took a step after the plaintiff got out of his car. Mr. Stanar did not see defendant's car until it struck plaintiff.

West Federal Street is forty to forty-five feet at the scene of the accident and has a level, smooth, blacktop surface. It was wet at the time of the accident, and the lighting was dark. There was a pool of blood five feet from the north curb, that was sixty-three feet from plaintiff's parked car. Mr. Stanar testified that plaintiff's body was three to four feet from the north curb after the accident. Sergeant Paul Cress of the Youngstown Police Department testified that an automobile going thirty miles an hour travels forty-four feet per second; that at thirty-five miles an hour it goes approximately fifty-two and one-half feet per second; and that at thirty-five miles an hour an automobile would skid about sixty to sixty-five feet on wet pavement of the type at the scene of the accident.

Plaintiff's contention is that defendant was negligent in that he failed to keep a lookout for plaintiff; that he was operating his motor vehicle at a rate of speed greater than was reasonable and proper while approaching plaintiff; and that he did not have his car under control while approaching plaintiff.

Defendant testified that he did not see plaintiff and did not decrease his speed. But plaintiff was on the road. The most eloquent proof of this fact is that defendant's car struck plaintiff. The testimony of plaintiff and Mr. Stanar is that plaintiff got out of his car, closed his car's door and then turned around. Therefore, on the basis of those facts, plaintiff was out of his car and within the range of plaintiff's vision when defendant drove upon the scene of the accident. It is obvious that defendant was negligent.

The issue in the case is whether plaintiff was also negligent and whether plaintiff's negligence proximately contributed to his injuries. Defendant does not allege contributory negligence in his answer, but in his brief he states that the evidence indicates that at the time of the impact between plaintiff and defendant's car, plaintiff was at least four to five feet south of the left side of plaintiff's parked car and that plaintiff was not crossing the street at a crosswalk.

If defendant's contention is correct, this would be further proof of defendant's negligence, because there would have been more time for plaintiff to have come within the range of defendant's headlights and view. There would further be the

question of whether the "last clear chance" doctrine would apply; however, this was not discussed in the general charge of the trial court, nor was such a charge requested by plaintiff.

However, the only evidence in the record to support defendant's contention that plaintiff was hit four to five feet south of the left side of plaintiff's car is defendant's estimate that he was driving three to four feet from the parked cars when the accident occurred. Plaintiff said that he did not remember taking a step but did not think that he did. Mr. Stanar did not know whether plaintiff took a step, because it happened so fast. The burden of proof was upon defendant to prove that plaintiff was negligent and that plaintiff's negligence proximately contributed to his injuries.

Under the state of the facts in this case, we cannot say that the trial court abused its discretion in finding that the jury's verdict was against the manifest weight of the evidence.

An additional reason for granting a new trial is the error of the trial court demonstrated in the italicized language in giving defendant's first special charge, which is set out as follows:

"The court charges you as a matter of law that *the mere fact that an accident happened or that plaintiff received some injury is no evidence whatsoever that the defendant was negligent and no negligence may be inferred therefrom.*

"Negligence is a fact which must be proved against the defendant by the greater weight of all the evidence and is not to be presumed nor guessed at.

"The presumption is, before any evidence was introduced, that the defendant was at all times complained of by plaintiff in his petition, in the exercise of ordinary care."

This was one of eight special charges to the jury, which the trial court gave at the close of the evidence and before argument at the request of defendant. Plaintiff in his brief states:

"* * * because of the manner and form as given to the jury in the special charges, the jury was under the opinion that since the plaintiff alighted from his automobile onto the highway he was negligent per se and therefore was the sole cause of the accident and that anything that the defendant did thereafter made no difference. * * *."

Plaintiff did not specify what was erroneous about the giving of these special charges. However, under Section 2505.21,

Revised Code, this court may consider and decide errors which are not assigned or specified.

The usual form of jury instructions on this subject appears in 1 Ohio Jury Instructions, Civil, Section 7.30 a (1965), as follows:

"The mere fact that there was an accident does not raise a presumption that either party was negligent. The presumption is that (both parties) (the defendant) (the plaintiff) were (was) not negligent and this presumption prevails until overcome by a preponderance of the evidence.

"Comment. Where there is an inference or a presumption of negligence this instruction should not be given."

It is well settled that no presumption or inference of negligence arises from the bare happening of an accident or from the mere fact that an injury has been sustained. *Parras* v. *Standard Oil Co.*, 160 Ohio St. 315; 39 Ohio Jurisprudence 2d 726, Negligence, Section 146; 65A Corpus Juris Secundum 506, Negligence, Section 220.1.

However, this special charge goes beyond saying that no presumption of negligence arises from the mere happening of an accident; it says that the mere happening of an accident is not evidence. In our research on this matter, we were unable to find any reported Ohio cases in point with reference to the language in the italicized part of the first special charge.

Defendant's first special charge has support as an abstract principle of law in the cases cited for the following quotation from 38 American Jurisprudence 983, Negligence, Section 290:

"* * * The mere fact that an accident happens is not evidence of negligence. * * *."

We have reviewed all the cited cases, and none of them was concerned with instructions to the jury on this principle of law. In some cases, the plaintiff had recovered, and the court's statement was dictum. *Ryan* v. *Los Angeles Ice & Cold Storage Co.*, 112 Cal. 244, 44 P. 471, 32 L. R. A. 524; *Denver Consol. Electric Co.* v. *Simpson*, 21 Colo. 371, 41 P. 499, 31 L. R. A. 566; *Memphis Street Ry. Co.* v. *Cavell*, 135 Tenn. 462, 187 S. W. 179, Ann. Cas. 1918C. 42; *Scarborough* v. *Aeroservice, Inc.*, 155 Neb. 749, 53 N. W. 2d 902, 30 A. L. R. 2d 1159.

In the cases where this principle of law was the direct issue, the result was a directed verdict for defendant. *Elsey* v.

*J. L. Hudson Co.*, 189 Mich. 135, 155 N. W. 377, L. R. A. 1916B, 1284; *Sheptur* v. *Procter & Gamble Distributing Co.* ( C. C. A. 6), 261 F. 2d 221, 79 A. L. R. 2d 476, certiorari denied, 359 U. S. 1003, 3 L. Ed. 2d 1031, 79 S. Ct. 1136; *Waddell* v. *Woods,* 158 Kan. 469, 148 P. 2d 1016, 152 A. L. R. 629; *In re Estate of Hayden,* 174 Kan. 140, 254 P. 2d 813, 36 A. L. R. 2d 1278.

Some of the cited cases are not authority for the citation. The language in *In re of Hayden Estate,* 174 Kan. 140, 254P.2d 813, 36 A. L. R. 2d 1278 (similar language is in *Waddell* v. *Woods,* 158 Kan. 469, 148 P. 2d 1016, 152 A. L. R. 629), is:

" '* * * the mere fact that there was an accident or other event and someone was injured is not of itself sufficient to establish liability; * * *' "

In *Scarborough* v. *Aeroservice, Inc.,* 155 Neb. 749, 53 N. W. 2d 902, 30 A. L. R. 2d 1159, it was expressed as follows:

"'* * * negligence is never presumed and not to be inferred from the mere fact that an accident happened.''

In *Memphis St. Ry. Co.* v. *Cavell,* 135 Tenn. 462, 187 S. W. 179, at page 467, is the following:

"As a general rule, proof that an accident injurious to plaintiff has happened, without more, is not evidence of negligence, and of course until the existence of negligence is shown no one is responsible for the injury, and in such case it is the plaintiff's misfortune. But while the law imposes the burdens we have mentioned, 'when a thing which has caused an injury is shown to be under the management of the party charged with negligence, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, the accident itself affords reasonable evidence in the absence of an explanation by the party charged, that it arose from the want of proper care.' * * *'"

In *Elsey* v. *J. L. Hudson Co.,* 189 Mich. 135 at 142, 155 N. W. 377, L. R. A. 1916B, 1284, is the following:

"The rule is well settled in this state that the mere fact that an accident happens, is no evidence of negligence. * * *

"* * *

"We have examined the numerous Michigan cases cited by appellant's counsel in support of his contention. In many of them, * * * there was evidence tending to show negligence, and we held that, although negligence will not be presumed from

the mere fact of an accident, yet such fact may be taken into consideration, in connection with all the other facts and circumstances, in determining whether negligence existed. * * *"

We hold that defendant's first special charge was erroneous. We question whether the italicized language is a correct statement of the law. However, assuming that it is a correct statement of an abstract principle of law, we hold that it was improper to apply this principle of law to the facts in this case.

In our research, the only time that this principle of law was applied was by a court when the only evidence in the case to establish negligence was the mere happening of an accident. If no further evidence is introduced, and where the doctrine of *res ipsa loquitur* does not apply, the court should direct a verdict in favor of the defendant, because the person injured has the burden to show negligence upon the part of the other party before he can recover damages. See *Parras* v. *Standard Oil Co..* 160 Ohio St. 315.

However, when evidence of probative value is introduced into the case, the presumption against negligence on the part of defendant disappears, and the court cannot direct a verdict. In this case the plaintiff had introduced sufficient evidence of probative value to submit his case to the jury.

The issue then arises as to what consideration the jury can give to the fact of this accident concerning the alleged negligence of defendant. This is a vitally important issue in this case, because the circumstances of this accident were such that the burden of the plaintiff to establish his version of this accident would be seriously affected by whether the jury could consider as evidence the fact of the accident together with the circumstances under which the accident occurred.

The first paragraph of the headnotes of *Kresge Co.* v. *Patterson,* 17 Ohio Law Abs. 25, motion to certify the record overruled May 16, 1934, is as follows:

"Although negligence will not be presumed from the mere fact of an accident, such fact may be taken into consideration, in connection with all the other facts and circumstances, in determining whether negligence existed."

38 American Jurisprudence 985, Negligence, Section 290, states as follows:

"* * * While it is true that simply because an accident has

occurred, negligence is not to be presumed, still, in determining the question of negligence, the fact that an accident has occurred may be and should be taken into consideration, in connection with all other facts and circumstances of the case, for the purpose of determining whether in fact there was negligence. * * * *."

The first paragraph of the syllabus of *Spitler* v. *Morrow*, 100 Ohio App. 181, is as follows:

"Ordinarily, no inference of negligence arises from proof of an accident alone, but a collision of vehicles at an intersection indicates that the converging vehicles were in reasonable proximity to each other and that either or both of the drivers did not exercise that degree of care which an ordinarily prudent driver should have exercised."

In this case, we hold that plaintiff had introduced sufficient evidence of probative value to submit the issue of negligence of defendant to the jury, and that the jury was entitled to take into consideration the fact of the accident and the injury of the plaintiff for whatever inferences of the negligence of defendant such facts would indicate. We further hold that the giving of the first special charge was prejudicial error, because it would lead the jury to believe that it could not take into consideration the happening of the accident or the injury to plaintiff in determining whether defendant was negligent.

Furthermore, despite the authority of 38 American Jurisprudence 983, Negligence, Section 290, and the cited cases therein, we question the italicized language in defendant's first special charge as a correct statement of law.

The happening of an accident is a fact that ordinarily is essential to be established as evidence of negligence. The weight of this fact as evidence of negligence varies. In circumstances where the doctrine of *res ipsa loquitur* applies, an inference of negligence is permitted by proof of the mere happening of the accident. In other cases, where the evidence is clear that no negligence exists, the fact of the happening of the accident would have no weight. The fact of the mere happening of an accident is not ordinarily sufficient to establish negligence, because it does not overcome the presumption of due care, and does not sustain the burden of proof imposed on the one assert-

ing negligence. However, the fact of the accident may be taken into consideration with all the other facts and circumstances in determining whether negligence exists.

Therefore, we submit that the statement that the mere happening of an accident is no evidence of negligence is an incorrect statement of law. The reason that it is incorrect is the use of the words "no evidence." If the words "insufficient evidence" were substituted for the words "no evidence" the statement would be correct as far it it goes.

In *Bahm* v. *Pittsburgh & Lake Erie Rd. Co.*, 6 Ohio St. 2d 192, at page 194, appears the following:

"A court in considering the propriety of any jury instruction must always bear in mind that the purpose of the jury instruction is to clarify the issues and the jury's position in the case. It must be remembered that juries are composed of ordinary men on the street, not trained grammarians, and that fine distinctions in the meaning of words or phrases are not ordinarily recognized by the average layman. Thus, in considering the propriety of any instruction, the meaning of the words used in the instruction must be thought of in their common meaning to the layman and not what such words would mean to the grammarian or the trained legal mind."

In our opinion, the least that can be said about defendant's first special charge is that it is misleading and confusing. Even lawyers have trouble in interpreting its meaning. This is an additional reason why we hold that defendant's first special charge was erroneous.

In conclusion, we hold that the italicized language in defendant's first special charge is a questionable statement of law; that even if such language has some validity in some fact situation it was error to give it in this case; and that the giving of such a charge would tend to mislead and confuse the jury to the prejudice of plaintiff.

*Judgment affirmed.*

JOHNSON, P. J., and JONES, J., concur.