OPINION
This accelerated appeal arises from a judgment of the Butler County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees, Terrance and Linda Guyer. Plaintiff-appellant, Sheila Wallace, claimed that she fell on a step on appellees' walkway after attending a craft show at appellees' home. Appellant asserts a single assignment of error on appeal. We affirm.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANTS IN GRANTING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT.
On December 1, 1994 at approximately 7:00 p.m., appellant and her friend, Sherry Knott, visited appellees' home to attend an arts and crafts sale. Appellees estimated that two hundred people attended the arts and crafts sale, which they have been hosting at their home since 1980. When appellant and Knott arrived at the craft show, it was getting dark outside. Appellant parked on the street, and the ladies took a shortcut through appellees' front yard in order to reach the front door. After spending some time at the craft show, appellant and Knott left to go home. Appellant and Knott did not retrace their shortcut across the lawn, but instead proceeded from the front door down a concrete walkway that ran across the front of appellees' home to the driveway. Coming out of appellees' front door, one would make a ninety-degree left turn after two or three paces. The walkway then runs parallel to the house, separated from the house by a row of hedges and plants. Along this walkway, approximately three-fourths of the way to the driveway, there is a lone step.[1] As appellant and Knott were traversing the walkway admiring the Christmas lights on the house, appellant fell at the location of the step and injured her left elbow, forearm and wrist. At the time of appellant's fall, the surface of the walkway was free of snow, ice and rainwater. At the same time, there were no lights shining directly on the walkway. However, several landscaping lights along the side of the walkway illuminated the house, there were Christmas lights on the side of the house, and there was a light post located eight to ten feet from the step.
On November 27, 1996, appellant filed a complaint, alleging that appellees' negligence had caused her injuries. Appellees filed a motion for summary judgment contending they had no duty to warn appellant of the condition of the step because it was an open and obvious danger. Appellees further argued that they did not have actual or constructive notice of any defective condition of the step. Finally, appellees asserted that appellant had failed to show that the step was the cause of her injuries.
In awarding summary judgment to appellees, the trial court found that there was no argument that the step was defective, and that after reviewing the depositions in a light most favorable to the nonmoving party, that appellant failed to offer evidence identifying the alleged cause of her fall.
When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court. Jones v. Shelly (1995),106 Ohio App.3d 440, 445. Summary judgment is appropriate upon a demonstration that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. To prevent an adverse summary judgment in a negligence action, the plaintiff must show the existence of a duty and sufficient evidence from which reasonable minds could infer a breach of duty and an injury resulting proximately therefrom. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77.
It is undisputed that appellant was a business invitee for all purposes pertinent to this appeal. An owner or occupier of premises owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, an owner or occupier is not an insurer of the customer's safety. An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them. Sidle v. Humphrey (1968), 13 Ohio St.2d 45. The particular facts of each case must be examined to determine whether a danger is open and obvious. Miller v. Beer Barrell Saloon (May 24, 1991), Ottawa App. No. 90-OT-050, unreported.
Appellant argues that the recent Supreme Court case of Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, is controlling to the case at bar. In Texler, the court found that adequate evidence supported a jury's finding that a store owner proximately caused a pedestrian's injuries by using a bucket weighted with concrete to prop open a door onto a sidewalk because even though the pedestrian did not see the bucket, the pedestrian used proper care as she walked to avoid the obstruction by looking straight ahead rather than straight down at the ground.
However, the instant case is distinguishable from Texler. In the instant case, the step on the walkway in question has been in existence since approximately 1980 when the house was built. Appellees are the original owners of the house. Appellees both testified that they had never received any notice of anyone either falling on the step or having any problems traversing the step. Moreover, appellees assert and appellant concedes that the step was in good condition and was not in a state of disrepair. In Texler, the store owner placed a foreign object as an obstacle to a pedestrian's right of way on a public sidewalk. The plaintiff in Texler frequently traversed the public sidewalk which ran in front of the defendant's laundry, and was cognizant of the fact that the defendant sometimes propped the door open with a large bucket filled with concrete. Notwithstanding, the Supreme Court held that the plaintiff "was taking the proper amount of care to avoid obstructions and that [defendant] was one hundred percent negligent in the manner by which the bucket of concrete propped open the door, and that this negligence proximately caused the accident." We can distinguish the instant case from Texler for the reason that no foreign obstacle was placed on a public sidewalk which impeded a pedestrian's right of way. The alleged reason for appellant's fall was a step which was part of the walkway and the original design of the house.
As a result, the issue to be determined is whether appellant has offered evidence identifying the cause of her fall. "It is incumbent on the plaintiff to show how and why an injury occurred — to develop facts from which it can be determined by the jury that the defendant failed to exercise due care and that such failure was a proximate cause of the injury." Boles v. Montgomery Ward Co. (1950), 153 Ohio St. 381, 389. A verdict for plaintiff based on conjecture, guess, random judgment or supposition cannot be sustained. Id.
"It is well-settled that no presumption or inference of negligence arises from the bare happening of an accident or from the mere fact that an injury has been sustained." Green v. Castronova (1966), 9 Ohio App.2d 156, 161. We have reviewed the depositions in a light most favorable to the nonmoving party, and find that appellant has failed to offer evidence identifying the cause of her fall. Appellant's deposition testimony reveals that she did not see the step because she was not looking at the walkway:
 A. It was dark, and it was such a small step, it didn't look like a step. It didn't look like anything was there.
 Q. You didn't see it so you can't tell me what it looked like, right?
A. Well, I just didn't see the step there at all.
 Q. But you were not looking down as you were walking when you fell, were you?
A. Not that I recall.
 Q. You were walking down the walkway. You're looking at the side of the building, and at some point in time you fell?
A. Yes.
Furthermore, Knott's deposition testimony fails to support the allegation that the cause of appellant's fall was a step camouflaged in shadows cast by lighting in the area. Knott's testimony reveals that she is unable to identify the cause of plaintiff's fall. Knott testified that as she proceeded down the walkway she was looking straight ahead instead of down at the walkway:
 Q. Do you know where [appellant] was looking in relation to the walkway just before she fell?
 A. No, not really because I was looking straight ahead.
Negligence is a fact necessary to be shown, it will not be presumed. Boles v. Montgomery Ward Co. 153 Ohio St. at 389. Appellant has presented no evidence which can legally infer that appellees violated any duty owed to appellant. Accordingly, we concur with the trial court's judgment that there is no genuine issue as to any material fact and that the appellees are entitled to judgment as a matter of law.
Judgment affirmed.
WALSH, J., concurs.
KOEHLER, J., dissents.
[1] Subsequently, the step was removed and the area was made into a gradual incline.