JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs, and oral arguments of counsel.
Plaintiff-appellant William McCann appeals from the trial court's granting of summary judgment in favor of defendant-appellee South East Harley-Davidson (South East). For the reasons set forth below, judgment is affirmed.
McCann filed a complaint against South East for injuries he sustained in a slip and fall on its premises. South East is in the business of selling Harley-Davidson motorcycles along with other merchandise. Located within its store is a railroad dining car where McCann's wife was the cook manager.
According to McCann's deposition, on January 21, 2000, he and some friends went to the diner to visit his wife while she was working. At about 3:45 p.m., he exited the diner through an entrance/exit which had a landing and four steps. According to McCann, as he stepped onto the landing, he slipped and fell, landing on his hip. The waitresses told him that the landing was wet, but he did not notice any wetness on the floor or on his clothing after the fall. He stated that it had been snowing that day and there was snow on the ground in the parking lot.
South East moved for summary judgment, arguing that there was no evidence as to the cause of McCann's fall, only speculation that the area was wet. McCann argued by way of affidavit that he slipped because the tile on the landing and stairs was slippery from tracked-in moisture from other patrons.
The trial court granted South East summary judgment, holding that a business owner is not liable for moisture caused by patrons tracking in snow or rain, and that summary judgment is appropriate because McCann was speculative about what caused his fall.
McCann raises one assignment of error on appeal:
 I. THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT.
McCann was a business invitee on South East's premises, and accordingly, it owed him a duty to exercise reasonable care in keeping the premises in a safe condition and to warn him of any latent and concealed perils of which it had knowledge. Perry v. Eastgreen RealtyCompany (1978), 53 Ohio St.2d 51, 52-53.
In Costidakis v. Park Corporation, dba International Exposition Center
(Aug. 12, 1994), Cuyahoga App. No. 66167, unreported, this court addressed a similar factual situation. In that case, a woman had fallen on tile flooring which had become wet and slippery from tracked-in snow. This court affirmed the trial court's granting of summary judgment and held:
 The mere fact that plaintiff fell does not establish any negligence on the part of defendant. Green v. Catronava (1966), 9 Ohio App.2d 156, 161. It was incumbent upon plaintiff to show that there was a dangerous or latent condition of the premises that was the cause of her fall. * * * It was not unexpected that the tile would be wet from tracked-in moisture since it was snowing outside. There was no evidence here that defendant either created or tolerated a hazardous condition which was not obvious from the surrounding circumstances.
Likewise, in the instant case, it was not unexpected that the tile might be slick from tracked-in moisture. As the Ohio Supreme Court stated in Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 204:
 Owners or lessees of stores * * * are not insurers against all forms of accidents that may happen * * *. It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several good reasons, all so obvious that it is wholly unnecessary to mention them all here in detail.
Furthermore, McCann is not even sure what caused his fall. He states that waitresses at the restaurant told him the floor was wet but he did not note any moisture even after his fall. As this court held in Guytonv. DeBartolo, Inc. (Nov. 4, 1993), Cuyahoga App. No. 65268, unreported, proximate cause cannot be proven by mere speculation.
McCann's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., CONCURS; KENNETH A. ROCCO, P.J., DISSENTS WITHSEPARATE DISSENTING OPINION.