OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry. The plaintiffs-appellants, Mary L. Weaver and Richard E. Weaver (the "Weavers"), appeal the December 1, 2005, Judgment Entry of the Court of Common Pleas of Allen County, Ohio granting summary judgment for defendant-appellee, Steak `n' Shake Operations, Inc. ("Steak `n' Shake") on his claim of negligence in this slip-and-fall case. The Weavers asserted a single assignment of error regarding the trial court's judgment.
 Assignment of Error THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT BECAUSEREASONABLE MINDS WOULD CONCLUDE THAT THERE WERE MATERIAL ISSUESOF FACT WHICH WOULD PRECLUDE SUMMARY JUDGMENT.
 {¶ 2} Our review of the record reveals that the trial court has thoroughly addressed all of the relevant factual and legal issues pertaining to this appeal in its judgment entry granting summary judgment to Steak `n' Shake. Accordingly, we hereby adopt the final judgment entry of the trial court dated December 1, 2005, incorporated and attached hereto as Exhibit A,[1] as our opinion of this case. For the reasons stated therein, the Weaver's assignment of error is overruled and the judgment of the Court of Common Pleas of Allen County, Ohio is affirmed.
Judgment affirmed.
 BRYANT, P.J., and CUPP, J., concur.
EXHIBIT A
IN THE COURT OF COMMON PLEAS OF ALLEN COUNTY, OHIO
MARY L. WEAVER, et al., * CASE NO.: CV 2004 0596 PLAINTIFF[S] * *
-v- * JUDGMENT ENTRY * Civ. R. 56 STEAK N'SHAKE OPERATIONS, INC., * et al., * DEFENDANT[S]
This matter comes on for consideration of the defendants' motion for summary judgment filed on April 18, 2005, the plaintiffs' response thereto filed on September 22, 2005, the defendants' reply filed on September 29, 2005, the plaintiffs' response to the reply brief filed on October 3, 2005 and defendant supplemental brief filed on October 13, 2005.
The plaintiffs claim that Mary Weaver, a business invitee, was injured due to the negligence of defendants in failing to maintain the business premises in a reasonably safe condition. Defendant moved for summary judgment asserting there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.
The evidence shows that on January 31, 2003 plaintiffs Mary and Richard Waver went to defendants' Steak N'Shake restaurant for a meal. After dining the plaintiffs left the restaurant. On the way to the parking lot, Mary weaver fell on the sidewalk in front of the restaurant.
Mrs. Weaver said that when she walked into the restaurant, she did not pay attention to notice any icy spot or the parking bump or block dislodged or anything out of the ordinary in the area where she fell.[1] She said she "tripped on something,"[2] and "something made her fall."[3] She stated, "if [the parking block] was sticking out," she wouldn't see it "because if it had snow there . . . you would never see that in a million years."[4] It is uncontroverted that Mrs. Weaver never actually saw the parking bump dislodged the night she fell.[5] Mr. Weaver stated he has no way of knowing whether the parking bump was dislodged when he wife fell.[6] Photographs of the area taken a couple days after the fall show the parking block had been dislodged.
Summary judgment is proper only when a party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); State ex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181.
Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264. The moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims. Id.; Vahilav. Hall (1997), 77 Ohio St.3d 421, 674 N.E.2d 1164. The moving party's initial burden thus is discharged, requiring the non-moving party to comply with Civ.R. 56(E). Vahila, supra, at 430, 674 N.E.2d 1164.
Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher,supra, at 293, 662 N.E.2d 264; Civ.R. 56(E). Only after the movant satisfies the initial Dresher burden, must the nonmoving party then present evidence that some issue of material fact remains for the trial court to resolve. Id. at 294,662 N.E.2d 264. "It is basic that regardless of who may have the burden of proof at trial, the burden is on the party moving for summary judgment to establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Horizon Savings v. Wootton (1991), 73 Ohio App.3d 501.
In ruling on a summary judgment motion, this Court is not permitted to weigh evidence or choose among reasonable inferences; rather, the Court must evaluate evidence, taking all permissible inferences and resolving questions of credibility in favor of the nonmovant. Jacobs v. Racevskis (1995),105 Ohio App.3d 1, 7, 663 N.E.2d 653. Even the inferences to be drawn from the underlying facts contained in the evidentiary materials must be construed in a light most favorable to the adverse party.Hannah v. Dayton Power Light Co. (1998), 82 Ohio St.3d 482,485, 696 N.E.2d 1044.
However, an inference of negligence does not arise simply because an invitee falls while on the shopkeeper's premises. SeeHodge v. K-Mart Corp. (Jan. 18, 1995), Pike App. No. 93CA528, citing Parras v. Standard Oil Co. (1953), 160 Ohio St. 315,116 N.E.2d 300. An inference of negligence does not arise from mere guess, speculation, or wishful thinking, but rather can arise only upon proof of some fact from which such inference can reasonably be drawn. Parras, paragraph two of the syllabus. Therefore, "it is incumbent on the plaintiffs to show how and why any injury occurred — to develop facts from which it can be determined by a jury that the Defendant failed to exercise due care and that such failure was a proximate cause of the Injury."Hodge, quoting Boles v. Montgomery Ward (1950),153 Ohio St. 381, 3892, 92 N.E.2d 9; see, also, Stamper v. Middletown Hosp.Assn. (1989), 65 Ohio App.3d 65, 67-68, 582 N.E.2d 1040.Louderback v. McDonald's Restaurant, Scioto App. No. 04CA2981,2005-Ohio-3926.
To avoid summary judgment in a negligence action, "a plaintiff must show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom." Walters v. MiddletownProperties Co. (July 22, 2002), Butler App. No. CA2001-10-249, 2002 Ohio 3730, at ¶ 11, quoting Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 680,693 N.E.2d 271; Reprogle v. The Pub, Inc., Shelby App. No. 17-02-21, 2002-Ohio-4940.
It is undisputed that plaintiffs were business invitees and that defendant Steak N'Shake was the owner of the premises where plaintiff fell. Ohio case law has established that a property owner has a duty of ordinary care to business invitees, but owes no duty to warn invitees of open and obvious dangers on their property. Simmers v. Bentley Constr. Co., 64 Ohio St.3d 642,644, 597 N.E.2d 504, 1992-Ohio-42; Hacker v. Cincinnati (1998),130 Ohio App. 3d 764, 769. See, also, Heyne v. City of Celina,
Mercer App. No. 10-01-05, 2001-Ohio-2272. Stated another way, defendant had no duty to protect a business invitee such as plaintiff from dangers "[that] are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them."Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,480 N.E.2d 474.
To establish that the defendants failed to exercise ordinary care in this type of case, the plaintiffs must demonstrate that: (1) the defendants created the hazard, or (2) the defendants had actual knowledge of the hazard and failed to give adequate notice of its existence or to remove it promptly; or (3) the hazard existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care. See Ashbaugh v. Family DollarStores (Jan. 20, 2000), Highland App. No. 99CA11, citingJohnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, 589,49 N.E.2d 925.
The mere fact that a Mrs. Weaver slipped and fell, of itself, is insufficient to create an inference that defendants' premises were unsafe or to establish negligence, there must be evidence showing that some negligent act or omission caused the plaintiff to slip and fall. Green v. Castronova (1966),9 Ohio App.2d 156, 162, 223 N.E.2d 641. Negligence will not be presumed and cannot be inferred from the mere fact that an accident occurred.Beair v. KFC National Management Co., (Mar. 23, 2004), 10thDist. No. 03AP-487, 2004-Ohio-1410. Thus:
"[t]o establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall. Where the plaintiff either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on the part of the defendant is precluded." Stamperv. Middletown Hospital Assn. (1989), 65 Ohio App.3d 65, 67-68,582 N.E.2d 1040.
In this case, guessing that the parking block was dislodged when Mrs. Weaver fell or estimating when the parking block or bump became dislodged solely based on when it might have snowed, when Marvin Gardens was there to shovel snow, or when pictures were taken after the fall would be tantamount to speculation and does not establish an issue of material fact. See Deditch v.Silverman Bros., Inc. (July 30, 1998), Cuyahoga App. No. 73215 ("[The plaintiff] attempted to guess that [the liquid detergent] had been on the floor for ten minutes based on the size of the spill, but that guess did not establish an issue of material fact.").
To reach the conclusion that the defendants had negligently created the hazard of the dislodged parking bump or negligently failed to maintain safe premises, the Court would have to engage in the impermissible stacking of inference upon inference. In order for plaintiffs to avoid summary judgment, it must not only be inferred that the Mrs. Weaver tripped on a dislodged parking bump or block, but also inferred that the defendants negligently allowed the unsafe condition of the dislodged block to remain on it premises where Mrs. Weaver fell, and that the dislodged block or bump was the cause of her fall. Furthermore, plaintiffs themselves admitted that there was no way to say for sure that the block was dislodged when Mrs. Weaver fell or that a dislodged block caused the fall. Simply put, plaintiffs have failed to show proof of some fact from which such inferences can reasonably be drawn.
For all of these reasons, the Court finds the defendants' motion for summary judgment well taken and hereby ORDERERS, ADJUDGES and DECREES that defendants' motion is granted, summary judgment is rendered in favor of the defendants and the case is dismissed, at plaintiffs' costs.
It is so ORDERED.
[1] On page 4 of the December 1, 2005, Judgment Entry of the Court of Common Pleas of Allen County, Ohio there is a clerical error with relation to the citation: Hodge, quoting Boles v.Montgomery Ward (1950), 153 Ohio St. 381, 3892 — this should read 389. In addition, on page 5 the citation Paschal v. RiteAid Pharamcy, Inc. (1985), 18 Ohio St.3d 203, 480 N.E.2d 474, should include "citing Sidle v. Humphrey (1968),13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus."
[1] Mary Weaver Deposition, p. 27, lines 8-15.
[2] Mary Weaver Deposition, p. 27, line 18.
[3] Mary Weaver Deposition, p. 28, line 5.
[4] Mary Weaver Deposition, p. 28, lines 8-12.
[5] Mary Weaver Deposition, p. 44, line 44.
[6] Richard Weaver Deposition, p. 13, line 10.