[Cite as *McGuire v. Univ. of Akron*, 2011-Ohio-2733.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SARA MCGUIRE

 Plaintiff

 v.

THE UNIVERSITY OF AKRON

 Defendant

 Case No. 2010-08900-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

**{¶ 1}** Plaintiff, Sara McGuire, filed this action against defendant, University of Akron (UA), contending she suffered personal injury as a proximate cause of negligence on the part of UA personnel in maintaining a hazardous condition at the UA Guzzetta Hall premises. Specifically, plaintiff noted she dislocated her left patella when she twisted her knee while performing a dance combination exercise on the Guzzetta Hall dance studio floor "during a class for the academic course Ballet VIII." Plaintiff further noted, "[t]he area of the floor of the dance studio in which the incident occurred was more slippery than usual." According to plaintiff, the slippery floor "was a faulty condition recognized by both instructors and students." Plaintiff recalled the described injury incident occurred on October 8, 2009 at approximately 11:40 a.m. In her complaint, plaintiff requested damages in the amount of $1,114.15, her stated out-of-pocket medical expense she has incurred after collateral source recovery. The filing fee was paid.

**{¶ 2}** With her complaint plaintiff attached two witness statements from classmates, Brianne Henney and Laura E. Wenzel, who were present when plaintiff's

injury incident occurred. Henney explained, "[a]bout halfway through (the ballet) class we were working on our pirouette (turning) combination (and) [m]any of the girls in the class were having difficulty with the combination due to the extremely slippery floor condition." Henney further explained plaintiff was injured while attempting the pirouette maneuver when her "foot (slid) out from underneath of her, and she fell to the floor, twisting her knee on the way down." Wenzel recalled she and plaintiff were in the same group during class and she "was right behind Sara doing the same combination when she fell." Wenzel related she observed plaintiff unable to "quite catch her balance after a turn (and) not being able to put her foot down when her left leg slipped from underneath her." According to Wenzel, the dance studio floor "was extra slippery more than ususal" at the time of plaintiff's personal injury incident. Wenzel advised, "[a]lmost everyday we resort to rubbing our slippers in water to grip the floor better during turns and combinations across the floor."

{¶ 3} Defendant acknowledged plaintiff was enrolled in an advanced Ballet course conducted at UA Guzzetta Hall dance studio. Defendant denied any liability in this matter asserting plaintiff has failed to offer any evidence to establish any injury she may have suffered in class was proximately caused by any negligence on the part of UA personnel in maintaining the dance studio floors at Guzzetta Hall. Defendant advised, "[t]he floors in the Guzzetta Hall dance studios become somewhat slippery at times as the humidity conditions change." Defendant further advised the floors at the seven dance studios in Guzzetta Hall "are treated and maintained in a similar fashion and are on a regular maintenance schedule" pursuant to the instructions of the installer, Williams Hardwood Flooring. Defendant pointed out Williams Hardwood Flooring was consulted in regard to the dance studio floors becoming slippery and a plan was then produced to strip and treat the floors. According to defendant, "[t]he floor in Studio 194 was stripped and tested pursuant to the instructions of Williams Hardwood Flooring on September 22 and September 23, 2009 by UA's Physical Facilities Department at UA." Defendant noted UA staff subsequently stripped and cleaned the remaining six dance studio floors on September 26, 2009 when it was determined the process on Studio 194 made the floors less slippery. Defendant denied plaintiff's injury was the result of any breach of a duty of care owed to her for her safety.

{¶ 4} In addition to the referenced floor treatment conducted before plaintiff's

injury occurrence, defendant provided further measures to protect dance students from problems related to a slippery dance studio floor. Defendant indicated boxes of rosin were provided in each dance studio at Guzzetta Hall and "dance students were aware that they could use the rosin on the ballet/Pointe shoes if they felt that the dance floor surfaces were too slippery." Defendant argued the dance floor in Studio 193 where plaintiff's injury occurred was maintained in a reasonably safe condition and plaintiff was not exposed to any hazard unknown to her when executing dance maneuvers in class. Defendant advised plaintiff is an experienced dancer who had already completed a Ballet VI course before taking a Ballet VII course during the fall semester of 2009. Furthermore, defendant related plaintiff "was enrolled and completed a Ballet VII course in the 2009 fall semester, which is an advanced Ballet course in the College of Creative & Professional Arts." Defendant suggested plaintiff, with her experience dancing in Studio 193, should have taken precaution to avoid any known slippery floor area.

{¶ 5} Plaintiff filed a response asserting that the studio floor area where her knee injury occurred was still slippery on October 8, 2009 despite the efforts of UA personnel to strip and clean the floor on September 26, 2009. Plaintiff noted her classmates "were avoiding one area on the floor the day that (she) fell." Plaintiff insisted "there was a section of the floor that was not safe to be dancing on." Plaintiff explained she was wearing "leather ballet technique shoes" at the time of her injury and therefore could not use the rosin available "to increase friction" with the dance floor, because "rosin is not used on technique shoes." Plaintiff contended she "fell performing an advanced combination under the specific direction of the UA instructor," identified as Andy Caroll. Defendant did not provide any statement from Andy Caroll regarding the incident forming the basis of this claim. Plaintiff denied having any choice to avoid dancing on the floor area she described as "particularly slippery." Plaintiff recalled, "all the students were avoiding that area." Plaintiff further recalled, "the instructor gave directions for a group of dancers to traverse the floor doing a particular combination, Sara (in that group) ended up having to do a double pirouette on that slippery section of the dance floor." Plaintiff maintained, "she was directed (by her instructor) to dance on an area of the floor that everyone was avoiding." Plaintiff again submitted the written statements from her classmates, Laura E. Wenzel and Brianne Henney. Neither Wenzel nor Henney stated the UA instructor, Andy Caroll directed plaintiff or any other

student to dance on a known slippery floor area. Defendant neither admitted nor denied plaintiff was directed by Andy Caroll to perform a dance combination on a dance studio floor area that was known to be slippery and consequently, constituting a dangerous condition. Plaintiff insisted she was directed by her instructor to perform a dance combination on a floor area that was known to be "particularly slippery." Defendant did not rebut this contention.

**{¶ 6}** Plaintiff's cause of action is grounded in negligence. As defendant pointed out, plaintiff, in order to prevail must establish: 1) a duty on the part of defendant to protect her from injury; 2) a breach of that duty; and 3) injury proximately resulting from the breach. *Huston v. Konieczny* (1990), 52 Ohio St. 3d 214, 214, 556 N.E. 2d 505; *Jeffers v. Olexo* (1989), 43 Ohio St. 3d 140, 142, 539 N.E. 2d 614; *Thomas v. Parma* (1993), 88 Ohio App. 3d 523, 527, 624 N.E. 2d 337; *Parsons v. Lawton Co.* (1989), 57 Ohio App. 3d 49, 50, 566 N.E. 2d 698.

**{¶ 7}** Based on plaintiff's status as a student in a classroom setting, plaintiff was classified as an invitee and defendant owed her a duty to exercise reasonable care in keeping the premises in a safe condition and warning her of any latent or concealed dangers which defendant had knowledge. *Perry v. Eastgreen Realty Company* (1978), 53 Ohio St. 2d 51, 52-53, 7 O.O. 3d 130, 372 N.E. 2d 335; *Presley v. Norwood* (1973), 36 Ohio St. 2d 29, 31, 65 O.O. 2d 129, 303 N.E. 2d 81; *Sweet v. Clare-Mar Camp, Inc.* (1987), 38 Ohio App. 3d 6, 9, 526 N.E. 2d 74. However, a property owner is generally under no duty to protect an invitee plaintiff from hazards which are so obvious and apparent that the plaintiff is reasonably expected to discover and protect against them herself. *Sidle v. Humphrey* (1968), 13 Ohio St. 2d 45, 42 O.O. 2d 96, 233 N.E. 2d 589, at paragraph one of the syllabus; *Paschal v. Rite Aid Pharmacy* (1985), 18 Ohio St. 3d 45, 18 OBR 267, 480 N.D. 2d 474.

**{¶ 8}** An unreasonably dangerous condition does not exist in situations where persons who are likely to encounter a condition may be expected to take good care of themselves without exercising any further precautions. *Baldauf v. Kent State Univ.* (1988), 49 Ohio App. 3d 46, 48, 550 N.E. 2d 517. Although evidence has shown the floor area where plaintiff slipped was known to students and instructors alike, plaintiff has stated she was directed by her instructor to dance on that particular area of the studio floor that was known to constitute a slippery condition.

**{¶ 9}** Defendant, in the instant claim, contended plaintiff, by voluntarily engaging in the dance exercise, was aware of the potential for injury and consequently, assumed the risk for any foreseeable injury that may have arisen from her dance activity. "Ordinarily, assumption of the risk is a question of fact to be resolved by the factfinder." *Carrel v. Allied Products Corp.* (1997), 78 Ohio St. 3d 284, 289, 677 N.E. 2d 795. Assumption of the risk bears three elements: 1) one must have full knowledge of a condition; 2) such condition must be patently dangerous to her; and 3) she must voluntarily expose herself to the hazardous condition. *Briere v. Lathrop Co.* (1970), 22 Ohio St. 2d 166, 174-175, 258 N.E. 2d 597. While the defense of assumption of the risk, where applicable, is no longer a complete bar to recovery, primary assumption of the risk does act as complete bar to recovery since defendant owes no duty to a plaintiff injured during involvement in an obviously dangerous activity. *Anderson v. Ceccardi* (1983), 6 Ohio St. 3d 110,114, 451 N.E. 2d 780. Under the facts of the present claim, the trier of fact finds the defense of assumption of the risk is inapplicable, considering plaintiff has stated she did not voluntarily expose herself to the hazardous condition created by the slippery dance floor, but rather was directed to dance in that hazardous area by her instructor.

**{¶ 10}** "The mere fact that plaintiff fell does not establish any negligence on the part of defendant. *Green v. Castronova* (1966), 9 Ohio App. 2d 156, 161, 38 O.O. 2d 176, 223 N.E. 2d 641; *Kimbro v. Konni's Supermarket, Inc.* (June 27, 1996), 8th Dist. No. 69666, unreported; *Costidakis v. Park Corporation* (Sept. 1, 1994), 8th Dist. No. 66167, unreported. It is incumbent upon a plaintiff to show under certain circumstances that there was a dangerous or latent condition on the premises that was the cause of the fall. *Paschal*, supra." *Orens v. Ricardo's Restaurant* (November 14, 1996), 8th Dist. No. 70403. As has been mentioned, a premises owner ordinarily owes no duty to protect invitees, such as plaintiff, from dangerous conditions that are open and obvious. *Sidle*. Furthermore, a property owner has no duty to inform an invitee about open and obvious dangers on the property. "[T]he open and obvious nature of the hazard itself serves as a warning." *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St. 3d 642, 1992-Ohio-42, 597 N.E. 2d 504. "This determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of a particular case." *Miller v. Beer Barrel Saloon* (May 24, 1991), 6th Dist. No. 90-OT-050,

unreported. The open and obvious no duty rule does not apply if attendant circumstances prevent an invitee from discovery of the otherwise open and obvious danger. *Zuzan v. Shutrump*, 155 Ohio App. 3d 589, 2003-Ohio-7285, at ¶15. The attendant circumstances exception applies if something beyond the plaintiff's control contributes to the fall-other than, or in addition to, the open and obvious condition. *Backus v. Giant Eagle, Inc.* (1996), 115 Ohio App. 3d 155, 158, 684 N.E. 2d 1273. In *Barrett v. Enterprise Rent-A-Car Co.*, 2004-Ohio-4646, the Tenth District Court of Appeals found that "attendant circumstances" can include any distraction that would come upon a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time. "The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. * * * Both circumstances contributing to and those reducing the risk of the defect must be considered." at ¶14, quoting *McGuire v. Sears, Roebuck & Co.* (1996), 118 Ohio App. 3d 494, 499, 693 N.E. 2d 807.

{¶ 11} Plaintiff, in the instant claim, stated she was directed by her classroom instructor to perform a difficult dance combination on a floor area known to be "particularly slippery." Defendant did not rebut this assertion. Under the evidence presented, the trier of fact finds the attendant circumstances exception applies in this claim considering plaintiff's attention to the danger was diverted by following instructions given Consequently, plaintiff has provided sufficient proof to establish her claim of negligence.

{¶ 12} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant action, the trier of fact finds that the statements of plaintiff are persuasive concerning the assertion she was injured when directed by her instructor to maneuver in an area of the dance studio that was hazardous. Defendant is liable to plaintiff for the damages claim $1,114.15, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SARA MCGUIRE

    Plaintiff

    v.

THE UNIVERSITY OF AKRON

    Defendant

    Case No. 2010-08900-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $1,139.15, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT

Deputy Clerk

Entry cc:


Sara McGuire                           M. Celeste Cook
152 W. Grayling Drive                  Associate Vice President and
Fairlawn, Ohio  44333                  Assistant General Counsel
                                       302 Buchtel Mall
                                       Akron, Ohio  44325-4706

RDK/laa
2/1
Filed 3/9/11
Sent to S.C. reporter 5/27/11