*115
 
 By the Court.
 

 Plaintiff was an electrician; defendant, a municipal corporation. The municipality maintained a system of poles and wires for transmitting electric current to its patrons, of which system the pole involved in this case was a part. The municipality purchased its current from the power plant of the Richards-Evans Company and received same either at the plant of the Richards-Evans Company or at the pole in question in this case. The municipality received the current at 2,300 volts, and at the pole in question stepped it down to 220 and 110 volts. There were two wires from the pole, transmitting the stepped-down current back to a mill and elevator of the Richards-Evans Company for consumption by the Richards-Evans Company at its mill and elevator.
 

 The Richards-Evans Company desired to remove from the pole in question the two wires transmitting the stepped-down current and to install wires directly from its own power plant to its mill and elevator. It employed one Charles Kean to remove the wires. Kean in turn employed the plaintiff, James A. Hicks. The plaintiff, without the knowledge of the defendant, went upon the pole to remove the wires. The pole fell with him and injured him. The pole was decayed beneath the ground. The decay was not visible, and would have been discoverable only by digging away the dirt and prodding the pole below the ground with a sharp instrument.
 

 The negligence charged against the municipality was a failure to inspect the pole and discover its decayed condition, the permitting of the pole to remain without a guy wire, and maintaining the pole in a dangerous condition.
 

 
 *116
 
 The answer, in so far as significant here, was a general denial.
 

 A motion at the close of plaintiff’s case to direct a verdict for the defendant was sustained, and judgment entered, which judgment was affirmed by the Court of Appeals.
 

 There was no proof offered of any contract or understanding between the Richards-Evans Company and the municipality with reference to the installation, location, or maintenance of the two wires transmitting the stepped-down current back to the Richards-Evans Company plant$ nor was there any evidence that the municipality had any knowledge of the existence of such wires. The record, by parol evidence, discloses that the contract from the Richards-Evans Company to the municipality “called for settlement on the reading of the customers’ meters.”
 

 The record not only fails to disclose consent of the municipality to the use of its pole, or poles, by the Richards-Evans Company for the installation and maintenance of the wires transmitting current back to its plant, but affirmatively discloses that such officials of the municipality as were called to testify denied knowledge of the existence of such wires. There were no facts proven upon which a reasonable inference could be based that the wires from the pole back to the Richards-Evans Company plant were installed by virtue either of a contract or by permission of the municipality. Indeed, the municipality would not have been greatly interested in the current thus consumed by the Richards-Evans Company, since it by its contract with the Richards-Evans Company was only charged with current metered out to its customers.
 

 
 *117
 
 It is doubtful whether, upon the facts proven, the relationship of the Bichards-Evans Company with reference to the installation of the wires for the stepped-down current could rise above that of a trespasser ; but in no event could it rise higher than that of a licensee. Hence, the duty of the municipality toward an employee of the Bichards-Evans Company with reference to such wires was not higher than to abstain from intentionally or wilfully injuring him, and to warn him of hidden dangers of which it knew. The record does not disclose that the municipality had knowledge of the decayed condition of the pole in question nor does it disclose facts from which it ought to have had such knowledge; the pole being from ten to twelve years old and the record disclosing that the life of such a pole is in excess of that period.
 

 The case will be affirmed upon the authority of
 
 Cincinnati, Hamilton & Dayton Rd. Co.
 
 v.
 
 Aller,
 
 64 Ohio St., 183, 60 N. E., 205;
 
 Hannan, Admr.,
 
 v.
 
 Ehrlich,
 
 102 Ohio St., 176, 131 N. E., 504; and
 
 Union News Co.
 
 v.
 
 Freeborn,
 
 111 Ohio St., 105, 144 N. E., 595.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Bobinson, Jones, Matthias, Day and Allen, JJ., concur.