Rose, a Minor, Appellant, *v.* Lerkis, Appellee.

*Mr. R. C. Norris,* for appellant.
*Messrs. Olds, Maher, Blakemore & Olds,* for appellee.

STEVENS, J. This appeal upon questions of law is taken from a judgment for defendant, entered upon the verdict of a jury in the Court of Common Pleas of Summit County.

Plaintiff (appellant) was an infant, aged 2, and brought this action by next friend to recover for damages allegedly sustained by him as a proximate result of the claimed negligence of defendant.

James Carpas is the owner of a residence property on Carson Road in Copley Township, the east side of which abuts the Rose property.

In June, 1956, Carpas contracted with the defendant to construct an asphalt driveway on the east side of Carpas' property, two feet from the Carpas-Rose property line, extending from the rear to the street in front of Carpas' lot.

On June 14, 1956, the defendant and his employees came to the Carpas' property to lay the finish coat of hot mix asphalt on said driveway.

During the time they were so engaged, children were playing in a wading pool placed on the front lawn of the Carpas' property.

At about 1:15 p. m., plaintiff, whose whereabouts was then unknown to defendant, his employees, and to Carpas, was discovered standing barefooted in the middle of the hot asphalt, which had been laid upon Carpas' driveway.

As a result thereof, the infant-plaintiff sustained burns upon both feet, for which he sought recovery against defendant.

There are two questions presented by this record.

■ Is an independent contractor, employed by the owner of land to make improvements upon the land for the benefit of the

owner, subject to the same liabilities, and entitled to the same immunities from liability, for bodily harm, as is the owner thereof?

■ What was the legal status of the infant-plaintiff, when he entered upon the Carpas' premises, and stepped upon the hot asphalt?

The first question posed above is answered by the statement contained in II Restatement of Law of Torts, Section 383, as follows:

"One who does an act or carries on an activity upon land on behalf of the possessor thereof, is subject to the same liability, and enjoys the same immunity from liability, for bodily harm caused thereby to others within and outside the land as though he were the possessor of the land."

To the same effect are the following cases: *Ireland* v. *Complete Machinery & Equipment Co.,* 174 Misc., 91, 21 N. Y. Supp. (2d), 430; *Cole* v. *L. D. Willicutt and Sons Co.,* 214 Mass., 453, 101 N. E., 995; *State Compensation Ins. Fund* v. *Allen,* 104 Cal. App., 400, 285 P., 1053; *Toomey* v. *Wichison Industrial Gas Co.,* 144 Kan., 534, 61 P. (2d), 891; *Pettyjohn & Sons* v. *Basham,* 126 Va., 72, 100 S. E., 813, 38 A. L. R., 391.

The second question suggested above is conclusively answered by the decision of the Supreme Court of Ohio in *Hannan, Admr.,* v. *Ehrlich,* 102 Ohio St., 176, 131 N. E., 504.

That case, by its pronouncement, fixes the status of this infant-plaintiff at the time he stepped into the hot asphalt as that of a licensee; and the syllabus continues:

"3. Actionable negligence exists only where the one whose act causes or occasions the injury owes to the injured person a duty created either by contract or by operation of law, which he has failed to discharge.

"4. A licensee takes his license subject to its attendant perils and risks, and the licensor owes him no duty except to refrain from wantonly or wilfully injuring him and to exercise ordinary care after discovering him to be in peril; he should not be exposed to hidden dangers, pitfalls or obstructions.

"5. The foregoing rule is not altered by the fact that the injured person is a child of tender years.

"6. Greater care and caution should be exercised to prevent

injuries to children upon premises where dangerous active operations are carried on than upon premises containing a visably dangerous statical condition."

It is our conclusion that the laying of hot asphalt mix upon the surface of a driveway is not per se a dangerous active operation, nor does it involve an instrumentality which is per se dangerous. See: *Centrello, a Minor,* v. *Basky,* 164 Ohio St., 41, 128 N. E. (2d), 80, paragraph seven of the syllabus.

Two errors are assigned by appellant, as follows:

1. The trial court erred in its general charge, and in its refusal to further charge as requested by plaintiff.

2. The verdict was against the weight of the evidence.

From our reading of the record in this case, we find no prejudicial error in the charge of the court as given, or in its refusal to charge, as requested by plaintiff. We likewise do not find the verdict to be manifestly against the weight of the evidence.

The judgment will be affirmed.

*Judgment affirmed.*

HUNSICKER, P. J., and DOYLE, J., concur.