OPINION
{¶ 1} Jim Mealy ("appellant"), as executor of the estate of David Mealy, appeals the lower court's award of summary judgment in appellees' favor.
 {¶ 2} On or about August 5, 1997, David Mealy had an appointment with Dr. Sudheendra at the surgeon's office. Dr. Sudheendra had recently performed carotid artery surgery on Mr. Mealy who was visiting for a post-operative check-up.[1] Mr. Mealy was accompanied by appellant, his son. After a brief visit with the doctor, Mr. Mealy and appellant left the building. Although Mr. Mealy drove to the appointment, he wanted appellant to drive them home. After appellant unlocked the passenger side door for his father, Mr. Mealy fell.
 {¶ 3} During his deposition appellant testified that he did not see his father fall and did not know its cause. Appellant stated: "I didn't see him trip. All I know is he went down and was screaming in pain and said, `I think I broke my leg.'" After his fall, Mr. Mealy was situated in such a way that he was sitting on the sidewalk attempting to pull his leg toward him. Appellant returned to the office and sought medical assistance. The nurses notified Dr. Sudheendra who immediately went to the parking lot to examine Mr. Mealy. The E.M.S. was notified and Mr. Mealy was transferred to the hospital. Ultimately, it was determined Mr. Mealy suffered a broken hip. Mr. Mealy died on December 16, 1997 of kidney failure.
 {¶ 4} On August 4, 1999, appellant filed a complaint on behalf of his father's estate alleging that the decedent's fall was proximately caused by a dangerous condition created by a defective curb in the parking lot area. On May 1, 2002, appellees filed their motion for summary judgment arguing that no one witnessed the fall and the decedent died before his deposition was taken. Appellees further alleged that there was no evidence as to what caused the decedent's fall. As such, one could only speculate that he may have fallen because of a defect in the curb.
 {¶ 5} On May 24, 2002, appellant filed a motion in opposition to appellees' motion for summary judgment claiming that a properly maintained curb would have prevented the fall. Appellant submitted an affidavit of an expert witness, Gerald Meltzer, an architect who inspected the property and determined that there was a defect in the area in which the decedent fell.
 {¶ 6} In response to appellant's motion in opposition, appellees filed a brief alleging that the affidavit submitted by appellant's expert witness was insufficient to survive summary judgment as it failed to comport with the mandates of Civ.R. 56(E).
 {¶ 7} On March 20, 2003, the trial court awarded summary judgment in appellees' favor determining that appellant failed to establish that the decedent fell because of the alleged defective curb; in essence, the lower court held that appellant could not demonstrate that appellees' purported negligence was the proximate cause of the decedent's injuries. Further, the court indicated that the affidavit submitted by appellant's expert failed to meet the requirements of Civ.R. 56(E).
 {¶ 8} Appellant assigns two errors for our review:
 {¶ 9} "[1.] The trial judge erred in finding, as a matter of law, that plaintiff's expert failed to state a proximate cause of the fall.
 {¶ 10} "[2.] The trial court erred in finding as a matter of law that plaintiff has no credible evidence that defendant's negligence was a proximate cause of decedent's injury."
 {¶ 11} We review a trial court's decision on a motion for summary judgment de novo. Spatar v. Avon Oaks Ballroom, 11th Dist. No. 2001-T-0059, 2002 Ohio 2443, at ¶ 15. Civ.R. 56(C) permits summary judgment if a trial court determines: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to only one conclusion and that conclusion is adverse to the non-moving party, even with the evidence viewed most strongly in that party's favor. Osborne v. Lyles (1992), 63 Ohio St.3d 326,327.
 {¶ 12} To determine whether a genuine issue exists, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must necessarily prevail as a matter of law. Spatar, supra at ¶ 16, citingTurner v. Turner (1993), 67 Ohio St.3d 337, 340. "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v.Liberty Lobby, Inc. (1986), 477 U.S. 242, 248.
 {¶ 13} In his first assignment of error, appellant argues that his expert, Gerald Meltzer, set forth sufficient facts to create a genuine issue of fact with respect to the proximate cause of the decedent's fall. In particular, appellant's expert, in his report,[2] noted a variation in curb height ranging from 2½" to 3½"; a continuous void between the concrete sidewalk and the asphalt paving ranging from 2" to 2½"; and a depressed area in the asphalt running parallel to the concrete sidewalk and centered 13" from the edge of the concrete. The depth of this depressed area ranges from 1" to 1½". From these observations, Meltzer concluded, in his affidavit, that appellee's negligence was the direct and proximate cause of the injuries suffered by the decedent.
 {¶ 14} In its March 20, 2003 judgment entry, the trial court held that, irrespective of the data collected by appellant's expert, he had no evidentiary basis for concluding that the decedent fell because of appellee's negligently designed parking lot. The court further held that Meltzer's affidavit, purporting to establish a causal link between the defective construction of the parking lot and the decedent's fall, failed to meet the requirements of Civ.R. 56(E).[3]
 {¶ 15} Civ. R. 56(E) requires affidavits to set forth facts that would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. The lower court stated that although appellant provided affidavit testimony regarding the approximate location of the decedent's fall:
 {¶ 16} "[n]o one has testified that they saw the decedent fall and therefore there could be many reasons as to why he fell. This expert could not have known for instance if the decedent lost his balance, or got dizzy, for any number of reasons that could happen to a man 88 years old."
 {¶ 17} From this, the lower court concluded that the analysis regarding causation offered by Meltzer was speculative and insufficient to raise a material fact.
 {¶ 18} As intimated above, Civ.R. 56(E) has two requirements for affidavits: (1) affidavits must be made upon the personal knowledge of the affiant and (2) affidavits must set forth facts that would be admissible in evidence. In our view, Meltzer's affidavit fails to satisfy both requirements. Stamper v. Middletown Hosp. Assn. (1989),65 Ohio App.3d 65, 69.
 {¶ 19} First, the record demonstrates that no party was able to articulate the precise nature and location of the fall. Testimony established that neither appellant nor the decedent actually knew where or how the fall occurred. Appellant testified during his deposition that he did not see the decedent fall and there was no impediment on which the decedent tripped; at most, appellant theorized that the decedent's heel "possibly" got caught on the "little, tiny curb." However, appellant also admitted that this theory was based on an assumption. The following exchange occurred during appellant's deposition:
 {¶ 20} "Q: Are you — you're assuming * * * [the decedent] was stepping from the curb to the parking lot when he fell?
 {¶ 21} "A: Yes.
 {¶ 22} "Q: But you don't know that for sure?
 {¶ 23} "A: Not for sure."
 {¶ 24} At no point during his deposition did appellant identify the specific location or the geographical anomaly which caused the decedent's fall.
 {¶ 25} These facts notwithstanding, Meltzer, in his report, set forth various conditions which, he contends, directly and proximately caused the decedent's injuries. Although Meltzer personally collected the data on which he based his conclusion, the affidavit does not outline any facts which would support Meltzer's conclusions that the purported defects caused the decedent's fall: As a matter of logic, one cannot, with reasonable certainty, determine the cause of an event whose essence and origination remains uncertain. Hence, Melzer's assertion regarding causation involves nothing more than an unsubstantiated legal conclusion which is insufficient to meet the requirements of Civ.R. 56(E). See, e.g., Fox v. Daly (Sept. 26, 1997), 11th Dist. No. 96-T-5453, 1997 Ohio App. LEXIS 4412, at 17.
 {¶ 26} Furthermore, Meltzer's affidavit and appended report do not disclose any underlying facts which provide a basis for his opinion regarding causation as required by Evid.R. 705.[4] The affidavit sets forth multiple facts supporting Meltzer's opinion that the curb and sidewalk abutting the parking lot were negligently designed and/or constructed. However, these facts do not offer a basis for concluding that the alleged negligence caused the decedent's fall. Without knowing "where" or "how" the fall occurred, any attempt to answer "why" the decedent fell would be purely speculative. Under the circumstances, Meltzer's explication of the decedent's fall can be neither verified nor falsified. Therefore, Meltzer's affidavit does not provide competent evidence as to causation and the trial court did not err in so finding.
 {¶ 27} Appellant's first assignment of error is overruled.
 {¶ 28} In his second assignment of error, appellant contends that the trial courted erred in finding that he set forth no credible evidence to withstand summary judgment on the issue of proximate cause. We disagree.
 {¶ 29} To prevail on a claim of negligence, appellant must demonstrate that appellees owed the decedent a duty of care, appellees breached that duty, and the breach was the proximate cause of the decedent's injuries.Beair v. KFC National Management Co., (Mar. 23, 2004), 10th Dist. No. 03AP-487, 2004 Ohio App. LEXIS 1261, at 5-6. Under the circumstances, the decedent was an invitee on appellees' premises. A business owner owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition. Jones v. H. T. Enterprises (1993),88 Ohio App.3d 384, 388. However, although the decedent was an invitee, appellees were not insurers of his safety. Id., citing Holdshoe v.Whinery (1968), 14 Ohio St.2d 134. Thus, the extent of appellees' duty was to keep their premises in a reasonably safe condition and to warn the decedent about any hidden dangers of which he had or should have had knowledge. See, e.g., Robinson v. Martin Chevrolet, Inc., (May 28, 1999), 11th Dist. No. 98-T-0070, 1999 Ohio App. LEXIS 2466, at 4-5.
 {¶ 30} Moreover, the mere fact that a party slipped and fell, of itself, is insufficient to create an inference that premises are unsafe or to establish negligence, there must be evidence showing that some negligent act or omission caused the plaintiff to slip and fall. Greenv. Castronova (1966), 9 Ohio App.2d 156, 162. Put differently, negligence will not be presumed and cannot be inferred from the mere fact that an accident occurred. Beair, supra, at 7. Thus:
 {¶ 31} "[t]o establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall. Where the plaintiff either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on the part of the defendant is precluded." Stamper v. Middletown Hospital Assn.
(1989), 65 Ohio App.3d 65, 67-68.
 {¶ 32} In the current matter, it is unclear whether appellees owed the decedent a duty of care regarding the condition of the premises. However, assuming arguendo that such a duty arose, appellant failed to affirmatively state and/or identify the proximate cause of the decedent's fall. Appellant's reasoning can be summed up accordingly: There is no evidence that the decedent did not fall as a result of the defects on appellees' premises; therefore, the defects must be the proximate cause of the decedent's fall. Such logic is flawed.[5] One cannot use the absence of proof for a conclusion as evidence for the truth of the opposing conclusion. Due to the logical inadequacy of the inference drawn from the evidence, appellant failed, on his own behalf, to set forth any credible evidence as to the precise cause of the fall. Negligence is precluded and summary judgment appropriate, when a plaintiff, either personally or with the use of outside witnesses, cannot identify the proximate cause of the fall. Beair, supra, at 8. The trial court, therefore, did not err in its determination that appellees' alleged negligence was not the proximate cause of the decedent's fall. Appellant's second assignment of error is without merit.
 {¶ 33} For the above reasons, the judgment of the Trumbull County Court of Common Pleas is hereby affirmed.
Ford, P.J., Christley, J., concur.
[1] According to Dr. Sudheendra, before his surgery, Mr. Mealy was experiencing an unsteady gait and "had a hard time walking." Mr. Mealy had some tests done which indicated he had blocked arteries in his neck. Dr. Sudheendra then performed two procedures on Mr. Mealy to improve blood flow to the brain.
[2] Meltzer's report was attached to his affidavit.
[3] Civ.R. 56(E) states, in relevant part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. * * *"
[4] Evid.R. 705 reads: "The expert may testify in terms of opinion or inference and give his reasons therefore after disclosure of the underlying facts or data. The disclosure may be in response to a hypothetical question or otherwise.
[5] This fallacy is traditionally earmarked the "argumentum ad ignorantiam" because, it involves using the absence of proof that one's position is false to imply the contrary conclusion that one's position is correct. However, the absence of evidence generally means that we simply do not know enough to draw a sound conclusion. Such reasoning "ignores" the fact that more information is necessary to draw a cogent inference on the issue at hand