OPINION
{¶ 1} In this accelerated appeal, submitted on the record and briefs of the parties, plaintiff-appellant, Lawrence R. Johnson, appeals from the judgment of the Lake County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Marc Glassman, Inc. ("Marc's"). For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On June 25, 2002, Johnson accompanied his wife, Carrie, his mother, and his two children to the Marc's store in Painesville, Ohio. Johnson, who had undergone back surgery three days prior, decided to visit Marc's to see "what kind of deals they had" and to "do a little bit of * * * exercise," in aid of his recovery from surgery. Johnson's surgery, which included the removal of four herniated disks and the fusion of bones in his lower spine, required him to wear a clamshell brace for a period of six months and to use a walker or some other means of balance or support for as long as he "felt [he] needed it."
 {¶ 3} Upon arrival at the shopping center, Johnson's mother stopped her van at the curb in front of Marc's. Carrie Johnson assisted her husband out of the vehicle and brought a cart to him so that he could walk through the store without relying on his walker. Once inside the store, the parties stayed together for a short while, but eventually split up and went in different directions. Johnson went off on his own to browse some children's books he saw in a nearby aisle while his children went to look at toys and the women continued their shopping.
 {¶ 4} In his deposition, Johnson testified that, after he entered the aisle containing the books, he took approximately 10 steps before slipping on a "clear liquid" on the floor. Johnson stated that when he slipped, his back "twisted" and he fell into a shelf, but did not fall to the floor. There was nobody in the aisle to witness the incident, so Johnson called out for his wife, who came over to see what had happened. A nearby employee was then summoned to find the manager.
 {¶ 5} When the manager arrived, Johnson's mother asked for an incident report. According to Johnson, while he was explaining what had happened, the manager radioed an employee to bring a mop and a bucket because the floor was wet. After filling out an incident report, Johnson and his family left the store. Johnson visited the doctor the next day for an examination, at which time he was informed that the bones in his back did not appear to be fusing properly, which resulted in additional corrective surgery a year later.
 {¶ 6} On June 24, 2004, Johnson filed a complaint in the Lake County Court of Common Pleas alleging that Marc's had negligently caused his injuries by failing to maintain the store in a safe condition. The complaint also contained a claim for loss of consortium filed on behalf of Carrie Johnson.
 {¶ 7} On May 6, 2005, Marc's moved for summary judgment, based upon Johnson's deposition testimony, and argued that Johnson could not produce any evidence that Marc's was either responsible for the hazard, or that it had actual or constructive notice of the hazard, and accordingly, could not establish that Marc's acted negligently as a matter of law.
 {¶ 8} On May 27, 2005, Johnson filed a brief in opposition to Marc's motion for summary judgment. Attached to the complaint were two affidavits from Johnson and his wife, Carrie. On June 1, 2005, Marc's filed a motion to strike the Johnsons' affidavit testimony, alleging that it was inconsistent with the testimony offered at the deposition. On June 15, 2005, the Johnsons filed a brief in opposition to Marc's motion to strike.
 {¶ 9} On June 20, 2005, the trial court denied Marc's motion to strike the Johnsons' affidavits, and granted summary judgment in favor of Marc's. This appeal timely followed, in which Johnson assigns the following as error:
 {¶ 10} "Defendant's motion for summary judgment was granted in error, as there was a material question of fact and therefore defendant was not entitled to judgment as a matter of law."
 {¶ 11} In response, Marc's offers the following cross-assignment of error for our consideration:
 {¶ 12} "The trial court erred in denying defendant-appellee's motion to strike, because: (1) the affidavit testimony of Lawrence Johnson contradicts, without explanation, his prior deposition testimony; and (2) the affidavit testimony of Lawrence Johnson and Carrie Johnson is not based upon personal knowledge."
 {¶ 13} "Summary judgment is a procedural device to terminate litigation and to avoid formal trial when there is nothing to try." Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-9. Under Civ.R. 56(C), summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336, Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. In reviewing a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party. Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186 (citation omitted).
 {¶ 14} The party seeking summary judgment bears "[t]he burden of showing that no genuine issue exists as to any material fact."Harless, 54 Ohio St.2d at 66. If the moving party fails to satisfy this initial burden, the motion for summary judgment must be denied. Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. However, if the moving party satisfies its initial burden, the nonmoving party then has a reciprocal burden, outlined in Civ.R.56(E), to set forth specific facts showing that there is a genuine issue for trial. If the nonmovant fails to do so, summary judgment will be entered against the nonmoving party. Id.; Wing v. Anchor Media, Ltd. (1991), 59 Ohio St.3d 108, at paragraph three of the syllabus (a properly supported motion for summary judgment "forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial").
 {¶ 15} Since a trial court's decision whether or not to grant summary judgment involves only questions of law, an appellate court conducts a de novo review of the trial court's judgment.Grafton, 77 Ohio St.3d at 105. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision. Brown v. Cty. Commrs. of Scioto Cty. (1993),87 Ohio App.3d 704, 711 (citation omitted).
 {¶ 16} In order to sustain an actionable claim for negligence, the complaining party must establish (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting therefrom. Texler v. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677, 680, 1998-Ohio-602.
 {¶ 17} In the case, sub judice, there is no dispute that Johnson was a business invitee. See Patete v. Benko (1986),29 Ohio App.3d 325, 328 (an invitee is "one rightfully on the premises of another for purposes in which the possessor of the premises has a beneficial interest"). Thus, Marc's owed Johnson "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that [he would not be] unnecessarily and unreasonably exposed to danger." Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203. This duty of care imposes a responsibility on the owner or occupier of a business to warn a business invitee of any "latent or hidden dangers."Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,2003-Ohio-2573, at ¶ 5. However, this duty of care does not require the owner or operator of a business premises to warn a business invitee against dangers so obvious or apparent that the invitee "may reasonably be expected to discover them and protect himself against them." Paschal, 18 Ohio St.3d at 203-204, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45, at paragraph one of the syllabus. In other words, a "shopkeeper is not * * * an insurer of the customer's safety." Id. at 203.
 {¶ 18} Johnson, relying on the Eighth District case, Baudov. Cleveland Clinic Found. (1996), 113 Ohio App.3d 245, argues that summary judgment was improvidently granted, since the presence of the mop and bucket in the adjacent aisle creates a reasonable inference that Marc's employees did something to create the condition. We disagree.
 {¶ 19} "[T]o establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall. Where the plaintiff either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on the part of the defendant is precluded." Estate ofMealy v. Sudheendra, 11th Dist. No. 2003-T-0065, 2004-Ohio-3505, at ¶ 31, citing Stamper v. Middletown Hosp. Assn. (1989),65 Ohio App.3d 65, 67-68. The fact that a party slipped and fell on the defendant's premises is, of itself, insufficient to create an inference that the premises are unsafe or to establish negligence. There must be some evidence showing that a negligent act or omission of the defendant caused the plaintiff to slip and fall. Id. at ¶ 30, citing Green v. Castranova (1966),9 Ohio App.2d 156, 162.
 {¶ 20} In his deposition, Johnson testified as follows:
 {¶ 21} "Q: So you are saying there was nothing on the floor other than this puddle of clear liquid?
 {¶ 22} "A: Yeah.
 {¶ 23} "Q: Do you have any idea how the clear liquid came to be on the floor?
 {¶ 24} "A: No.
 {¶ 25} "Q: Or how long it had been on the floor before you fell?
 {¶ 26} "A: No.
 {¶ 27} "Q: Or whether anybody in the store was aware it was on the floor before you fell?
 {¶ 28} "A: I assume nobody was aware.
 {¶ 29} "Q: Do you have any idea how it got on the floor?
 {¶ 30} "A: No, I don't.
 {¶ 31} "Q: There was no glass?
 {¶ 32} "A: No. I assume they mopped the floor and just didn't get that one spot.
 {¶ 33} "Q: Why do you assume it?
 {¶ 34} "A: Well, why would there be a pile of liquid there?
 {¶ 35} "Q: Did you see anybody mopping the floor in the store before the incident happened?
 {¶ 36} "A: No, I did not."
 {¶ 37} The preceding colloquy clearly demonstrates that Johnson offered no evidence that Marc's caused the puddle on the floor, that it had any awareness that the puddle existed, or that the puddle had existed for a sufficient amount of time that constructive notice of the puddle could be imputed to Marc's.
 {¶ 38} In Johnson's affidavit attached to his memorandum in opposition to Marc's motion for summary judgment, Johnson offered an alternate theory behind the puddle, stating, in relevant part that, "[a]lthough I did not visually see anyone mopping the floors prior to slipping on the wet spot, I believe someone previously mopped that area, missed the spot where I slipped, left the puddle and moved on." Johnson based this belief on his observation that, after the manager called for an employee to clean up the puddle, an employee "quickly arrived and cleaned up the puddle using a mop and bucket which was in the next aisle."
 {¶ 39} Unlike Baudo, where the plaintiff produced evidence, in the form of testimony from the Assistant Director of Building Services for the Clinic, stating that a utility room located in the corridor in which the plaintiff fell was sometimes used to fill buckets of water and that clinic employees sometimes transported these buckets through the area in which the plaintiff fell, 113 Ohio App.3d at 246, Johnson's affidavit testimony offers no evidence that the bucket in question, or any bucket for that matter, had been present in the aisle where he fell prior to his accident. It is well-settled that an inference of negligence on the part of a defendant "can not be based upon evidence that is too uncertain or speculative, or which raises merely a conjecture or possibility." Mahvi v. Stanley Builders, 11th Dist. No. 2004-G-2607, 2005-Ohio-6581, at ¶ 28, citing Bragg v.Swann Super Cleaners, Inc. (Mar. 26, 1981), 10th Dist. No. 80AP-840, 1981 Ohio App. LEXIS 12857, at *6 (citation omitted). When viewing the evidence in the light most favorable to the plaintiff, we conclude that the evidence offered by Johnson was insufficient, as a matter of law, to create a genuine issue of material fact. Accordingly, the trial court's grant of summary judgment in favor of Marc's was proper. Johnson's sole assignment of error is without merit.
 {¶ 40} Since our disposition of Johnson's assignment of error renders Marc's cross-assignment of error moot, we need not consider it here. Mahvi, 2005-Ohio-6581, at ¶ 33 (cross-assignments of error need only be considered "for the limited purpose of preventing reversal") (citation omitted).
 {¶ 41} For the foregoing reasons, we affirm the judgment of the Lake County Court of Common Pleas.
Ford, P.J., O'Neill, J., concur.