OPINION
{¶ 1} Plaintiff-appellant, Diana Bodnar, appeals the judgment of the Portage County Court of Common Pleas, granting summary judgment in favor of Hawthorn of Aurora Homeowner's Association, Inc. ("the Association") and Hawthorn of Aurora Limited Partnership ("the Partnership"), appellees herein. For the reasons that follow, we affirm the decision of the lower court.
 {¶ 2} On October 20, 2003, Bodnar filed a complaint, as representative of the estate and next of kin of her brother, Lawrence Spreng, against the Partnership, the Association, and Colonial Forest Estates, Inc.[1], alleging negligence and wrongful death claims against each defendant. The Partnership was the entity responsible for the development of Hawthorn of Aurora, an approximately 600 acre housing development located off State Route 43 in Aurora, Ohio. The Association was a separate but related entity responsible for governance of the development and maintenance of the common properties.
 {¶ 3} On July 23, 1999, the 47-year-old Spreng, who suffered from mild mental retardation, accompanied Bodnar to visit her daughter, Denise Calger, owner of a home located at 686 Nancy Drive in the Hawthorne of Aurora development.
 {¶ 4} During the visit, Calger's 12-year-old son Ryan, and Spreng were granted permission to go swimming at the community pool for a two hour period, while the women stayed behind at the house visiting and helping Calger with her yard work. Spreng borrowed Calger's bicycle for the purpose of riding to the pool with Ryan, who rode his own bicycle.
 {¶ 5} While returning from the pool at approximately 1 p.m., Ryan and Spreng decided to return to the home via an unpaved dirt path through a wooded area located between the community pool and recreation area and Rock Creek Drive. Part of the path consisted of a land bridge over a culvert which had been placed across a creek. The path through the woods, including the bridge, had been graded and seeded with grass. While riding along this path, Spreng lost control of his bicycle and both he and the bicycle landed in a ravine formed by the creek bed, where Spreng struck his head on some large rocks.
 {¶ 6} Ryan quickly returned to his home and told Bodnar and his mother that Spreng had fallen and was badly injured. The women rushed to the scene of the accident, where they found Spreng on his knees in the ravine, holding his head in his hands and moaning. Police and paramedics were summoned. Spreng subsequently died at the scene from the injuries sustained in the fall.
 {¶ 7} Following discovery, appellees filed separate motions for summary judgment. In its motion, the Partnership argued that it was entitled to summary judgment on the grounds that it did not create nor did it have notice of a hazardous condition; that it had no duty to maintain the property on which Spreng was injured; that Spreng had failed to protect himself from an open and obvious danger; and that it was exempt from liability pursuant to Ohio's Recreational User's Statute, R.C. 1533.181. The Association argued that it was entitled to summary judgment on the same grounds.
 {¶ 8} On December 20, 2005, the trial court issued its decision, without opinion, granting summary judgment in favor of both appellees. Bodnar timely appealed, assigning the following as error:
 {¶ 9} "The trial court erred in granting summary judgment."
 {¶ 10} "Summary judgment is a procedural device to terminate litigation and to avoid a formal trial when there is nothing to try."Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-9, 1992-Ohio-95. Under Civ. R. 56(C), summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336; Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66. In reviewing a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party. Doe v. Shaffer, 90 Ohio St.3d 388,390, 2000-Ohio-186 (citation omitted).
 {¶ 11} The rule further provides that "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ. R. 56(C).
 {¶ 12} The party seeking summary judgment bears "[t]he burden of showing that no genuine issue exists as to any material fact."Harless, 54 Ohio St.2d at 66. "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied."Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107.
 {¶ 13} However, once the moving party satisfies its initial burden, the nonmoving party then has a reciprocal burden, outlined in Civ. R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. If the nonmovant fails to do so, summary judgment will be entered against the nonmoving party. Id.; Wing v. Anchor Media,Ltd. (1991), 59 Ohio St.3d 108, at paragraph three of the syllabus (a properly supported motion for summary judgment "forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial").
 {¶ 14} A trial court's decision whether or not to grant summary judgment involves only questions of law, thus, an appellate court conducts a de novo review of the trial court's judgment.Grafton, 77 Ohio St.3d at 105. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision. Brown v. Cty.Commrs. of Scioto Cty. (1993), 87 Ohio App.3d 704, 711 (citation omitted).
 {¶ 15} As mentioned earlier, the trial court did not articulate its basis for entering summary judgment in favor of the appellants. The various arguments proffered by both the Association and the Partnership in their motions for summary judgment were premised on the proposition that Bodnar could not produce any evidence to establish that either of the defendants had a duty to maintain the subject property or that either defendant had a duty to warn Spreng of any hazards which may have existed on the path and land bridge. However, Bodnar argues that summary judgment was inappropriate on any of the bases alleged, since appellees failed to introduce any evidence, other than unsubstantiated assertions, that would permit the trial court to grant summary judgment. We disagree.
 {¶ 16} It is well-settled that "a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court for the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher, 75 Ohio St.3d at 293.
 {¶ 17} We first address Bodnar's claims against the Partnership. In the context of premises liability, it is well-settled law in Ohio that "liability for injuries arising from the defective condition of the property is an incident to occupation and control of the property."Fryberger v. Lake Cable Recreation Assn., Inc. (1988),40 Ohio St.3d 349, 351 (citations omitted); Wills v. Frank Hoover Supply (1986),26 Ohio St.3d 186, 189.
 {¶ 18} According to the deposition testimony of Rinardo Constantino, all common properties within the development were transferred, via deed, from the Partnership to the Association in 1998, prior to the opening of the recreation area, and that the Association was the entity which controlled the common areas and arranged for any maintenance thereto. Bodnar's motion in opposition offered no evidence to the contrary. In fact, Bodnar could not state, with certainty, which entity controlled the common areas. Viewing this evidence in the light most favorable to Bodnar, we conclude that the Partnership is not liable, as a matter of law, for any injuries arising from any defective conditions to the trail. Thus, summary judgment was properly granted with respect to the Partnership.
 {¶ 19} We now turn to the issue of whether the Association is immune from liability, and thus, entitled to summary judgment on the basis of R.C. 1533.181, the recreational user's statute. After viewing the evidence in the light most favorable to Bodnar, as the nonmoving party, we conclude that the statute does not apply.
 {¶ 20} R.C. 1533.181 provides: "No owner * * * [o]wes any duty to a recreational user to keep the premises safe for entry or use; [e]xtends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use; [or] assumes responsibility for or incurs liability for any injury to [a] person * * * caused by any act of a recreational user."
 {¶ 21} "Premises" are defined as "all privately-owned lands, ways, and waters, and any buildings and structures thereon." R.C. 1533.18(A). A "recreational user," on the other hand, is defined as "a person to whom permission has been granted, without the payment of a fee or consideration to the owner * * * to enter upon premises to * * * engage in * * * recreational pursuits." R.C. 1533.18(B).
 {¶ 22} The purpose of the aforementioned statutes is "to immunize a landowner from suit [when] the injury which formed the basis for the suit occurred on land held open to the general public for use without a fee." Loyer v. Buchholz (1988), 38 Ohio St.3d 65, 67; Jarrett v. SouthEuclid (1990), 64 Ohio App.3d 743, 744 (citations omitted). Bicycling has been held to be a recreational pursuit under the statute. SeeMilliff v. Cleveland Metroparks Sys. (Jun. 4, 1987), 8th Dist. No. 52315, 1987 Ohio App. LEXIS 7300, at *7.
 {¶ 23} However, "[i]n determining whether a person is a recreational user" under the applicable statutes, the analysis focuses on the "character of the property upon which the injury occurs and the type of activities for which the property is held open to the public."Miller v. Dayton (1989), 42 Ohio St.3d 113, 114 (citations omitted);Martin v. Warren, 11th Dist. No. 2000-T-0112, 2002-Ohio-2116, at ¶ 6.
 {¶ 24} A review of the "Declaration of Covenants and Restrictions" attached to Bodnar's motion for summary judgment supports this finding. The covenant states, in relevant part, that the common properties of the development "consist of the Recreation Site and improvements thereto as shown on the Master Plan for Hawthorn of Aurora Planned Unit Development * * * and the greenbelt areas." (Emphasis added).
 {¶ 25} The Declaration states, with respect to property rights in the common areas, that "every Member * * * shall have for himself, his immediate household and guests, a right and easement of enjoyment in and to the Common Properties." This easement is "subject to the right of the Association to charge reasonable admission fees and other fees for the use of the common properties."
 {¶ 26} A "member" is defined by the declaration as "a record owner of a fee or undivided fee interest in any Lot or Living Unit which is subject to covenants of record [and] assessment by the Association."
 {¶ 27} The Declaration further provides that a member's right of enjoyment in the Common Properties "shall extend automatically to all Members of his immediate family residing on any portion of the properties." However, with respect to guests, the right is not automatic, but rather subject to "rules and regulations [promulgated] by the Association."
 {¶ 28} Also attached to Bodnar's brief in opposition to appellees' motions for summary judgment was the affidavit from her grandson, Ryan. In this affidavit, Ryan averred that he had used the path in question in the past and that "it was used regularly by residents as a path to and from the pool." Attached to Ryan's affidavit was a photograph of a "No Trespassing" sign, which he averred was posted "in the main entrance of the recreational area that contains the pool and the non paved path" where the accident occurred.
 {¶ 29} Reviewing this evidence in the light most favorable to Bodnar as the non-moving party, we conclude that the property in question was not held open for use by the general public, and thus, the Association is not entitled to summary judgment on the basis of the recreational user's statute. See Loyer, 38 Ohio St.3d at 68 n. 1 (under the recreational user's statute, land is not open to the public, if admission and use of the land is restricted to certain narrowly-defined classes of individuals).
 {¶ 30} However, our analysis does not end with this determination, since the Association also moved for summary judgment on the grounds that Bodnar failed to prove that it was negligent in its maintenance of the path. See Ryll v. Columbus Fireworks Display Co., Inc.,95 Ohio St.3d 467, 2002-Ohio-2584, at ¶ 13. ("R.C. 1533.181(A)(1) does not state that a recreational user is owed no duty").
 {¶ 31} In order to establish actionable negligence, one seeking recovery must demonstrate (1) the existence of a duty, (2) the breach of the duty, and (3) damage or injury resulting proximately therefrom.Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285, citingFeldman v. Howard (1967), 10 Ohio St.2d 189, 193; Armstrong v. Best BuyCo., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 8; Peterson v. Coffmanand Bender (Sep. 15, 2000), 11th Dist. No. 99-P-0059,2000 Ohio App. LEXIS 4212, at *4 (citations omitted). For a plaintiff to be able to recover under a negligence theory, all of the elements of negligencemust be demonstrated. Whiting v. Ohio Dept. of Mental Health (2001),141 Ohio App.3d 198, 202; cf. Wise v. Timmons, 64 Ohio St.3d 113, 116,1992-Ohio-117, quoting Biery v. Pennsyvlania RR. Co. (1951),156 Ohio St. 75, at paragraph two of the syllabus ("`Negligence is never presumed. In an action based on negligence, the presumption exists that each party was in the exercise of ordinary care and such presumption prevails until rebutted by evidence to the contrary.' * * *. The rule applies where the accident itself is the only evidence of negligence adduced."); Green v. Castronova (1966), 9 Ohio App.2d 156, 161 ("no presumption or inference of negligence arises from the bare happening of an accident or from the mere fact that an injury was sustained").
 {¶ 32} The burden of proof under Ohio's wrongful death statute is similar when the claim for wrongful death premised upon the negligence of another. "To maintain an action for damages for wrongful death upon the theory of negligence, plaintiff must show (1) the existence of a duty owing to plaintiff's decedent, i.e., the duty to exercise ordinary care, (2) a breach of that duty, and (3) proximate causation between the breach of the duty and the death." Bennison v. Stillpass TransitCo. (1966), 5 Ohio St.2d 122, 125, citing Baier v. Cleveland Ry.Co. (1937), 132 Ohio St. 388, 391; Uddin v. Embassy Suites Hotel,165 Ohio App.3d 699, 2005-Ohio-6613, at ¶ 7; Johnson v. Pohlman,162 Ohio App.3d 240, 2005-Ohio-3554, at ¶ 17. Although Ohio's wrongful death statute does not presume that the next of kin has sustained damages as the result of the wrongful death, he or she may recover "for mental anguish and loss of society upon proper proof thereof." Wise,64 Ohio St.3d at 117; In re Payne, 10th Dist. No. 04AP-1176, 2005-Ohio-2391, at ¶ 8.
 {¶ 33} Bodnar argues that the trial court erred by granting summary judgment on the issue of the hazard being "open and obvious" since the Association's motion for summary judgment relating to this issue was supported by "conclusory assertions" rather than evidence. Although we find that the "open and obvious" analysis does not apply to the case sub judice, we nevertheless conclude that the evidence, when viewed in a light most favorable to Bodnar, demonstrates that the Association was entitled to judgment as a matter of law on the negligence issue.
 {¶ 34} It is well-settled law in Ohio that "the owner of a premises is not an insurer for the safety of visitors who come upon his land."Fawley v. Kings Island, 12th Dist. No. CA2004-01-012, 2004-Ohio-4312, at ¶ 7; Stein v. Oakwood (May 8, 1998), 2nd Dist. No. 16776,1998 Ohio App. LEXIS 2066, at *12 (citation omitted).
 {¶ 35} Both parties cite to a variety of cases to support the proposition that the "open and obvious" doctrine was or was not applicable in the instant case. In essence, both parties are arguing as to what duty, if any, the Association might have owed to Spreng.
 {¶ 36} Generally speaking, whether a duty exists is generally a question of law for the determination of the trial court. Mussivand v.David (1989), 45 Ohio St.3d 314, 318.
 {¶ 37} In cases of premises liability, the scope of the duty owed by the landowner is dependent on the status of the person, i.e., trespasser, licensee, or invitee, who enters upon the land. In other words, the duty owed is predicated on the "nature of the relationship" between the decedent or injured party and the property owner "at the time of the accident." Mitchell v. Cleveland Elec. Illuminating Co.
(1987), 30 Ohio St.3d 92, 94.
 {¶ 38} The open-and-obvious doctrine states that a premises-owner owes "no duty to protect a business invitee against dangers which are * * * so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v.Humphrey (1968), 13 Ohio St.2d 45, at paragraph one of the syllabus (emphasis added). When the rule applies, "the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." Armstrong, 2003-Ohio-2573, at ¶ 5.
 {¶ 39} A business invitee is a person who comes "upon the premises of another, by invitation, express or implied, for some purpose which isbeneficial to the owner." Light v. Ohio University, 28 Ohio St.3d 66, 68
(emphasis added). A licensee is one who enters upon the premises of another, by permission or acquiescence, but not by invitation, for his own convenience. Id.
 {¶ 40} A review of the record reveals that Spreng was a licensee with respect to his use of the common areas. There is no evidence that his presence on the premises was for any beneficial purpose to the Association. As a result, Spreng's use of the property was subject to all of the attendant perils and risks, and the landowner owes no duty except to refrain from wantonly or willfully causing injury, and to warn the licensee of any known hidden dangers, pitfalls, and obstructions.Hicks v. Cortland (1930), 123 Ohio St. 114, 117; Rose v. Lerkis (1958),110 Ohio App. 100, at paragraph two of the syllabus.
 {¶ 41} A review of Constantino's affidavit reveals that there were no hidden dangers on the path of which the Association was aware. Moreover, Bodnar offered no evidence as to the actual cause of Spreng's accident. "To establish negligence * * * it is incumbent upon the plaintiff to identify or explain the reason for the fall. Where the plaintiff either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on the part of the defendant is precluded." Johnson v. Marc Glassman, Inc., 11th Dist. No. 2005-L-107,2006-Ohio-1790, at ¶ 19, quoting Estate of Mealy v. Sudheedra, 11th Dist. No. 2003-T-0065, 2004-Ohio-3505, at ¶ 31.
 {¶ 42} Furthermore, both Bodnar's deposition testimony and Ryan's affidavit merely speculate as to the cause of the accident. Bodnar avers that the accident was either caused by Spreng's bicycle striking a rock in the path or by hitting a rut located on the edge of the path. Ryan's affidavit merely states that Spreng must have hit "something" in the path that caused him to fly off the bicycle. In the summary judgment context, "it is not permissible to draw an inference from a deduction which is itself purely speculative and unsupported by established fact."Mahvi v. Stanley Builders, 11th Dist. No. 2004-G-2607, 2005-Ohio-6581, at ¶ 28 (citation omitted).
 {¶ 43} The Association provided sufficient evidence to establish, as a matter of law, that Bodnar could not prove the elements of breach or causation against it. The Partnership likewise provided sufficient evidence to establish that it had no legal duty to Spreng. Bodnar failed to rebut this evidence. As a result, we hold that the trial court properly granted summary judgment in favor of both appellants.
 {¶ 44} Bodnar's sole assignment of error is without merit.
 {¶ 45} The judgment of the Portage County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, J., concurs,
COLLEEN MARY OTOOLE, J. concurs as to disposition of Hawthorn Limited Partnership, dissents as to Hawthorn of Aurora Homeowners' Association.
[1] According to the deposition of Rinardo Constantino, a principal in both the Partnership and the Association, Colonial Forest Estates Inc. is a homebuilder and contractor once owned by him, but now primarily owned and operated by his son and daughter. Constantino testified that Colonial Forest Estates built some of the homes located within Hawthorn of Aurora, as well as the buildings located on the development's recreational site. On June 2, 2005, plaintiffs voluntarily dismissed their claims against Colonial Forest Estates, pursuant to Civ. R. 41. Thus, Colonial Forest Estates is not a party to this appeal.