DECISION. *Page 2 
{¶ 1} Theresa Primm was seriously injured after she tripped and fell on a sidewalk outside a grocery store. She sued the city of Cincinnati, Kroger Co. (Kroger was dismissed from the case and is not part of the appeal), and Schottco Corp., the owner of the shopping center, for personal injuries that resulted from her fall. The trial court granted summary judgment to the city and Schottco. Primm appeals; we affirm.
 I. Where the Sidewalk Cracks {¶ 2} Primm was walking home from the grocery store on a sunny Saturday afternoon. From the street into the parking lot was a driveway. Across the driveway, abutting both the parking lot and the street was a city-owned sidewalk. This sidewalk was used by vehicles going into and out of the parking lot and by pedestrians.
 {¶ 3} Primm had visited the grocery store and had used that particular exit many times before. But she usually had visited the store on weekdays when there was less traffic. On the day she was injured, because traffic was heavy, Primm varied her walking route and crossed the driveway on the city-owned sidewalk, a route she had never walked before. Due to the heavy traffic, Primm had to check behind and in front of her to make sure that cars were not pulling into the driveway, and to the right for cars that were exiting from the parking lot.
 {¶ 4} The sidewalk had several cracks and holes. As she walked over the sidewalk, Primm fell. Primm suffered scarring and serious injuries — as of the date of her brief, she had undergone eight surgeries.
 {¶ 5} Primm sued the city and Schottco, alleging that they had negligently failed to maintain and repair the sidewalk and had given no warning of its dangerous *Page 3 
condition. The trial court granted summary judgment to both defendants because it determined that the sidewalk's condition was an open and obvious danger.
 II. Assignment of Error and Standard of Review {¶ 6} In her sole assignment of error, Primm argues that the trial court erred in granting summary judgment to the defendants. She argues that the city and Schottco had a duty to maintain and repair the sidewalk, and had breached that duty, causing her injuries. She also argues that the open-and-obvious doctrine should be inapplicable where attendant circumstances distract a pedestrian and reduce the degree of care an ordinary person would otherwise exercise.
 {¶ 7} Schottco contends that the city had been responsible for the condition of the sidewalk. Second, Schottco argues that even if it had owed Primm a duty of reasonable care, the sidewalk's condition was an open and obvious danger, and therefore Schottco did not have a duty to warn Primm of the danger.
 {¶ 8} The city argues that the sidewalk's condition was an open and obvious danger and that it had no notice of any holes in the surface. The city also argues that Primm failed to show causation because she had never affirmatively stated that she had fallen because of a hole in the sidewalk.
 {¶ 9} We review the trial court's grant of summary judgment de novo.[1] The city and Schottco were entitled to summary judgment only if (1) there was no genuine issue of material fact, (2) the city and Schottco were entitled to judgment as a matter of law, and (3) reasonable minds, when viewing the evidence in favor of Primm, could only have reached a conclusion adverse to her.[2] *Page 4 
 {¶ 10} As with any negligence claim, Primm had the burden of proving in the trial court (1) that the city and Schottco owed her a duty, (2) that the city and Schottco had breached that duty, and (3) that the breach of the duty had proximately caused Primm's injury.[3]
 III. Schottco Corp. Not Liable {¶ 11} Cincinnati Municipal Code 721-147 states, "Where land abuts on a street where there is a paved sidewalk * * *, the owner or owners of such land shall be jointly and severally responsible for causing the sidewalk and any curb which is integral with the sidewalk to be kept in repair and free from nuisance."
 {¶ 12} In Kuhl v. Cincinnati Gas Electric Co., this court stated than an abutting property owner is not generally liable for injuries that a pedestrian sustains on a city sidewalk.[4] Liability may attach only if the defect was created by the abutting owner or was a result of negligence by the abutting owner, or if an ordinance imposes liability. This court stated that Cincinnati Municipal Code 721-147 and accompanying ordinances "show clearly that the purpose of the sections is to provide a means for repair and payment of the cost and not to impose a specific duty for the benefit of users of the sidewalk."[5]
 {¶ 13} There is nothing in this record to suggest that Schottco had created the hole in the sidewalk or that the deterioration had resulted from Schottco's negligence. And the ordinance did not impose liability on Schottco. Thus, we affirm the summary judgment entered for Schottco. *Page 5 
 V. Causation {¶ 14} The trial court granted summary judgment to the city based on the open and obvious condition of the sidewalk. We affirm the entry of summary judgment, but because Primm failed to adequately demonstrate that the city's negligence was the proximate cause of her injury, we do not need to decide if the sidewalk's condition was an open and obvious danger.
 {¶ 15} The city asked Primm in her deposition, "When you say that you fell, how did that occur? I mean, did you slip, did your ankle go in a crack and turn? How exactly did that happen?" She replied, "I took a step, and I was on the ground." At no time during her deposition did Primm affirmatively state that she had fallen because of a specific defect in the sidewalk. And in the exhibits, Primm marked two different places to identify where she had fallen. In fact, one of the areas that she marked appeared to be free of holes or other defects. The city gave her the opportunity to affirmatively state where and how she had fallen, but she did not take that opportunity.
 {¶ 16} Primm's answer to an interrogatory was also not specific as to cause. She stated that a "hole in the concrete" had caused her fall. But she did not identify a particular hole and thus failed to show what specifically had caused her to fall.
 {¶ 17} For the foregoing reasons, we affirm the trial court's entry of summary judgment.
Judgment affirmed.
HENDON and CUNNINGHAM, JJ., concur.
[1] Young v. Stelter Brinck, Ltd., 1st Dist. No. C-070259,2007-Ohio-6510, at ¶ 19.
[2] Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336,671 N.E.2d 241.
[3] Martin v. Christ Hospital, 1st Dist. No. C-060639, 2007-Ohio-2795, at ¶ 12.
[4] (May 11, 1994), 1st Dist. No. C-930076.
[5] Id. *Page 1