[Cite as *Gustafson v. Ohio State Univ.*, 2025-Ohio-5190.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| DEBORAH GUSTAFSON, et al. | Case No. 2024-00672JD |
| Plaintiffs | Judge Lisa L. Sadler<br>Magistrate Gary Peterson |
| v. | |
| THE OHIO STATE UNIVERSITY | <u>ENTRY GRANTING DEFENDANT'S</u><br><u>MOTION FOR SUMMARY JUDGMENT</u> |
| Defendant | |

{¶1} Plaintiffs bring this action for negligence claiming that, on October 22, 2022, while walking on the sidewalk after an Ohio State University football game, Plaintiff Deborah Gustafson was injured as a result of tripping and falling on an uneven walkway on Defendant's premises. Plaintiffs bring claims for negligence, negligence per se, and loss of consortium.

{¶2} On August 5, 2025, Defendant filed a Motion for Summary Judgment pursuant Civ.R. 56(B). On September 2, 2025, Plaintiffs filed a Response, and, on September 9, 2025, Defendant filed a Reply. Defendant's Motion for Summary Judgment is now fully briefed and before the Court for a non-oral hearing pursuant to L.C.C.R. 4(D). For the reasons set forth below, Defendant's Motion is GRANTED.

**Standard of Review**

{¶3} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C):

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A

summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶4} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St. 3d 280, 292 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id*. at 292-293.

{¶5} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E):

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

**Background**

{¶6} Defendant submitted Plaintiff Deborah Gustafson's deposition transcript with its Motion for Summary Judgment. Plaintiffs submitted an affidavit for Lucia Galvin, Keith Gustafson's deposition transcript, and Jeffrey Barr's deposition transcript with their Response. These documents establish the following undisputed facts:

{¶7} On October 22, 2022, Plaintiff Deborah Gustafson was walking on a sidewalk owned and maintained by Defendant, the Ohio State University, at the intersection of Neil Avenue and Neil Drive in Columbus, Ohio. (Deposition of Deborah Gustafson, p. 21:2-10; Complaint, ¶ 6). The weather was sunny with temperatures in the mid-70s. (Deposition of Deborah Gustafson, p. 25:13-23). While returning to her vehicle, and with

other people around her, Deborah Gustafson tripped on a 1.5 inch variance in the sidewalk, injuring herself.  (Lucia Galvin Affidavit, ¶ 4; Deposition of Deborah Gustafson, p. 26:7-15; 32:6-24; Complaint, ¶ 9).  Deborah Gustafson stated that she was able to see the ground as she walked and that nothing prevented her from seeing where she was going.  (Deposition of Deborah Gustafson, p. 31:19-22; 26:7-20).  She denied that she was distracted by anything occurring at the time of her fall.  (Deposition of Deborah Gustafson, p. 28:4-24).  Deborah Gustafson stated that she tripped over the "lip" of the sidewalk and that, while there were a number of people in the area at the time of her fall, no one else tripped and fell on the same portion of the sidewalk.  (Deposition of Deborah Gustafson, p. 34:3-12).  Plaintiff also stated that there was a construction fence near the scene of the fall.  (Deposition of Deborah Gustafson, p. 30:22-24).

**Analysis**

{¶8} In its Motion for Summary Judgment, Defendant argues that Plaintiffs' claim for negligence should be dismissed because OSU maintained its premises in a reasonably safe condition, specifically that the defect in the sidewalk was not an unreasonably dangerous condition nor were there any attendant circumstances that contributed to Deborah Gustafson's fall.  Defendant also argues that the condition of the sidewalk was open and obvious and that Plaintiffs' loss of consortium claim fails because it is derivative of the negligence claim.

{¶9} "In a negligence action, the plaintiff bears the burden of proving by a preponderance of the evidence that the defendant breached a duty owed to him and that the breach proximately caused the injury." *Harris v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-5137, ¶ 7 (10th Dist.).  Under Ohio law, the duty owed by an owner or occupier of a premises generally depends on whether the injured person is an invitee, licensee, or trespasser. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315 (1996).  There is no dispute in this case that Plaintiffs were invitees.  An owner or occupier of a premises generally owes its invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Armstrong v. Best Buy Co., Inc.*, 2003-Ohio-2573 ¶ 5.  "However, a premises owner is not an insurer of its invitees' safety against all forms of accident that

may occur on its premises." *Simms v. Penn Natl. Gaming, Inc.*, 2022-Ohio-388, ¶ 21 (10th Dist.). "Although a pedestrian using a public sidewalk is not required to constantly look downward, a pedestrian is under a duty to care for their own safety as those of ordinary carefulness and prudence would observe." *Id.* at ¶ 27.

{¶10} "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong* at ¶ 14. "The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992). "Open-and-obvious dangers are those not hidden, concealed from view, or undiscoverable upon ordinary inspection." *Thompson v. Ohio State Univ. Physicians, Inc.*, 2011-Ohio-2270, ¶ 12 (10th Dist.). "'[T]he dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an "open and obvious" condition under the law. Rather, the determinative issue is whether the condition is observable.'" *McConnell v. Margello*, 2007-Ohio-4860, ¶ 10 (10th Dist.), quoting *Lydic v. Lowe's Cos., Inc.*, 2002-Ohio-5001, ¶ 10 (10th Dist.).

{¶11} "In certain circumstances, the presence of 'attendant circumstances' may preclude the application of the open-and-obvious doctrine." *Haynes v. Mussawir*, 2005-Ohio-2428, ¶ 22 (10th Dist.). "To serve as an exception to the open and obvious doctrine, an attendant circumstance must be 'so abnormal that it unreasonably increased the normal risk of a harmful result or reduced the degree of care an ordinary person would exercise.'" *Mayle v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-2774, ¶ 20 (10th Dist.), quoting *Cummin v. Image Mart, Inc.*, 2004-Ohio-2840, ¶ 10 (10th Dist.). "Although not an exhaustive list, attendant circumstances can include the following: poor lighting, a large volume of pedestrian traffic, the visibility of the defect, the overall condition of the walkway, and whether the nature of the site is such that one's attention would be easily distracted." *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 2013-Ohio-5106, ¶ 16 (10th Dist.).

{¶12} After viewing the evidence in a light most favorable to Plaintiffs, reasonable minds can only conclude that the sidewalk variation where Deborah Gustafson fell was an open and obvious condition. The day Deborah Gustafson fell was well-lit, clear, and

warm, and she asserted that she was able to see the sidewalk. (Deposition of Deborah Gustafson, p. 25:13-23; 26:7-15). Deborah Gustafson's own deposition testimony indicates that the variation in the sidewalk was observable and not obstructed from view. Deborah Gustafson testified that if she had been looking at her feet as she walked, she would have seen the lip in the concrete. (Deposition of Deborah Gustafson, p. 77:11-17). Additionally, Keith Gustafson was able to see the variation in the sidewalk after Deborah fell and was able to return to the area where Deborah fell and photograph the sidewalk, showing there was nothing obstructing their view of the variation in the sidewalk. (Deposition of Keith Gustafson, p. 22:11-13; 37:2-6). Furthermore, "[l]edges, cracks, and lips in sidewalks and other paved surfaces are common hazards faced by millions of pedestrians each day. For this reason, pedestrians have a duty to look where they are walking." *Carnes v. Siferd*, 2011-Ohio-4467, ¶ 27 (3d Dist.). Accordingly, reasonable minds can only conclude that the variation in the sidewalk was an open and obvious hazard.

{¶13} Attendant circumstances may preclude the application of the open and obvious doctrine. *Martin v. Christ Hosp.*, 2007-Ohio-2795, ¶ 19 (1st Dist.). "Attendant circumstances" reduce the degree of care an ordinary person exercises and "must, taken together, (1) divert the attention of the pedestrian, (2) significantly enhance the danger of the defect, and (3) contribute to the fall." *Shepherd v. City of Cincinnati*, 2006-Ohio-4286, ¶ 31 (1st Dist.). An attendant circumstance must be a "significant distraction," and cannot include "regularly encountered, ordinary, or common circumstances." *Haller v. Meijer, Inc.,* 2012-Ohio-670, ¶ 10 (10th Dist.); *Colville v. Meijer Stores Ltd.*, 2012-Ohio-2413, ¶ 30 (2d Dist.). Moreover, attendant circumstances do not include a person's activity at the time of a fall unless the person's attention was diverted by "an unusual circumstance of the property owner's own making." *McConnell v. Margello*, 2007-Ohio-4860, ¶ 17 (10th Dist.).

{¶14} The record demonstrates that no attendant circumstances exist to create a genuine issue of material fact regarding the observable nature of the sidewalk. Plaintiffs argue that the volume of pedestrian traffic and the construction fence nearby were attendant circumstances. While people were walking along the sidewalk, Deborah Gustafson also stated that she was not distracted by this, nor did she testify that the

pedestrian traffic was so unusual or unordinary that it enhanced the danger of walking. Furthermore, she did not see anyone else fall. (Deposition of Deborah Gustafson, p. 26:7-15; 34:3-12). If by plaintiff's own admission she was not distracted by other people within the vicinity of the sidewalk variance, it establishes that their presence does not amount to an attendant circumstance as the presence of other people did not divert her attention, enhance the danger, or contribute to her fall. *See Carnes,* 2011-Ohio-4467, at ¶ 28; *Simms*, 2022-Ohio-388, at ¶ 32 (10th Dist.); *McCoy v. Wasabi House, LLC*, 2018-Ohio-182, ¶ 48 (5th Dist.) (normal pedestrian traffic is not a circumstance so significant or unusual as to rise to the level of an attendant circumstance).

{¶15} Plaintiff also testified that she was aware of a construction fence nearby. (Deposition of Deborah Gustafson p. 30:22-24). However, she stated that it was not a distraction and did not impact her route of travel as it was off to the side of the sidewalk. *See, e.g., Simms* at ¶ 33 (10th Dist.) ("Review of the casino's surveillance footage reveals no marketing displays that could have diverted appellant's attention, significantly enhanced the danger posed by the uneven sidewalk, and contributed to the fall. Further, appellant did not testify that he was distracted by any casino-related circumstances prior to falling."). As such, reasonable minds must conclude that there were no attendant circumstances that distracted Deborah Gustafson at the time she fell.

{¶16} Furthermore, in Ohio, there is a rebuttable presumption that a defect of less than two inches in height is insubstantial as a matter of law and does not give rise to liability. *See Kimball v. Cincinnati*, 160 Ohio St. 370 (1953); *Waldron v. Edinger*, 2022-Ohio-4296, ¶ 15 (10th Dist.). The variance in the sidewalk was 1.5 inches, less than the established two inches required to be considered a substantial defect. (Lucia Galvin Affidavit, ¶ 4). Thus, the variance in sidewalk height is not a substantial defect as to render Defendant negligent in its sidewalk's maintenance, and, as stated above, there were no attendant circumstances that operate as an exception to the so-called two-inch rule.

{¶17} Plaintiffs also assert a claim for negligence per se, stating that "[t]he City of Columbus, Ohio has a Code of Ordinances that requires under § 905.06 a property owner of lands abutting any sidewalk to keep the sidewalks in repair and § 905.11 requires that a property owner of lands abutting any sidewalk to repair or replace sidewalks where

there is an offset of one-half (1/2) inch or greater." (Complaint, ¶ 18; Plaintiffs' Response, p. 7). As authority, *Jacobs v. Great S. Shopping Ctr., LLC*, 2024-Ohio-1180 (10th Dist.) is a case in which a plaintiff who tripped and fell on a sidewalk outside of a bank asserted that the defendant owed both (1) a common law duty, and (2) a duty under a city of Columbus ordinance to maintain and repair sidewalks with specific maintenance criteria. To the extent that the plaintiff in *Jacobs* based his claims upon a duty allegedly owed under a city ordinance, the appeals court held that the ordinance did not, by itself, establish a duty owed to the plaintiff. *Id.* at ¶ 23. Regardless of any such ordinance, however, the appeals court explained that generally "[u]nder common law, an owner or occupier of premises owes business invitees, such as Jacobs in this case, a duty of ordinary care in maintaining the premises in a reasonably safe condition so that invitees are not unnecessarily and unreasonably exposed to danger." *Id.* at ¶ 10. The common law negligence claim in *Jacobs* ultimately failed because the sidewalk defect was open and obvious, not because it was a "public" sidewalk. *Id.* at ¶ 11. Similarly, the city ordinance Plaintiffs refer to does not create a duty to business invitees by requiring a property owner fix a defect on a sidewalk of one-half inch or greater. Rather, the ordinance creates a duty of a property owner to the city to maintain its sidewalks. Plaintiffs' claim is one for common law negligence, meaning that any duty owed shall be determined by the relationship between the parties.

{¶18} Finally, as Plaintiffs' loss of consortium claim is derivative of the above claims for negligence and negligence per se, this claim also fails. *Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 93 (1992).

{¶19} Construing the evidence in a light most favorable to Plaintiffs, the Court finds that Plaintiffs did not demonstrate that genuine issues of material fact remain for trial. Therefore, Plaintiffs failed to meet their reciprocal burden pursuant to Civ.R. 56(E). Consequently, the Court finds that Defendant is entitled to judgment as a matter of law.

**Conclusion**

{¶20} Based upon the foregoing, the Court concludes that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. Therefore, Defendant's Motion for Summary Judgment is GRANTED, and judgment is

hereby rendered in favor of Defendant.  All previously scheduled events are VACATED. Court costs are assessed against Plaintiffs.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


_____
LISA L. SADLER
Judge


**Filed October 29, 2025**
**Sent to S.C. Reporter 11/17/25**